MARGARET HART EDWARDS, Bar No. 65699
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
GEORGIA-PACIFIC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC LLC,<br><br>Defendant. | Case No. C 07 3944 SBA<br><br>**DEFENDANT GEORGIA-PACIFIC LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Georgia-Pacific LLC ("Defendant"), by and through undersigned counsel, hereby submits its Answer to Plaintiff's Complaint. Plaintiff did not serve a complete copy of the Complaint on Defendant. The copy served appears to be missing page four. Accordingly, Defendant provides this Answer based on the copy of the Complaint served, and does not waive its right to supplement its Answer should it be served with a copy of the missing page four. All allegations not specifically admitted in this Answer are denied. For its Answer to Plaintiff's Complaint, Defendant admits, denies, and alleges as follows:

## NATURE OF THE ACTION

Defendant admits that Plaintiff purports to bring this lawsuit pursuant to Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. Nonetheless, Defendant is not the employer of Janet Stege. Defendant denies any unlawful conduct toward Ms. Stege and denies any unlawful employment practices on the basis of disability or at all.

## JURISDICTION AND VENUE

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court appropriately exercises jurisdiction over claims brought pursuant to 42 U.S.C. § 12117, Section 107(a) of the Americans with Disabilities Act, but denies that there is specific jurisdiction in this case.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant denies the allegations of Paragraph 2 except to admit that the State of California, County of Alameda, and City of San Leandro are within the jurisdiction of the Court.

## INTRADISTRICT ASSIGNMENT

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that this action would be appropriate for assignment to San Francisco/Oakland, if there were jurisdiction, which Defendant denies. Defendant further denies that it engaged in any unlawful employment practices.

## PARTIES

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring civil action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3). Nonetheless, Defendant denies that Plaintiff is expressly authorized to bring this particular action.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant admits only that it has been a Delaware Limited Liability Company since December 31, 2006, that it has continuously had at least fifteen employees, and that it does business in California. Defendant denies the remaining allegations contained in Paragraph 5.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

//

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT GEORGIA-PACIFIC LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT

2.

Case No. C 07 3944 SBA

## STATEMENT OF CLAIMS

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits that Ms. Stege filed a charge of discrimination with the EEOC more than thirty days prior to the filing of the Complaint. Defendant denies the remaining allegations contained therein.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

## PRAYER FOR RELIEF

In response to Plaintiff's various Prayers for Relief in the Complaint, Defendant denies that Plaintiff or Ms. Stege is entitled to any type of relief, including compensatory damages, punitive damages, or injunctive relief. Defendant observes that the missing page of the Complaint served on Defendant appears to have contained portions of Plaintiff's Prayer for Relief.

## DEFENSES

Although Defendant is not the employer of Janet Stege, it asserts the following defenses, in order to preserve them should Plaintiff persist in its claims against an entity not the employer of Janet Stege:

13. Plaintiff has failed to state a claim upon which relief may be granted.

14. Plaintiff's claims for injunctive relief are barred, in whole or in part, because Ms. Stege has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant, nor is there any other threat of irreparable harm.

15. Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of unclean hands.

//

16.   Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of laches.

17.   Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of waiver.

18.   Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of estoppel.

20.   Plaintiff's claims are barred, in whole or in part, because there is not a substantial likelihood of Plaintiff prevailing on the merits of this action.

21.   Plaintiff's claims are barred, in whole or in part, because Ms. Stege failed to properly mitigate any damages she may have suffered.

22.   Plaintiff's claims are barred, in whole or in part, because Ms. Stege failed to properly protect herself against avoidable consequences.

23.   Plaintiff's claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which Ms. Stege may be entitled must be denied or reduced accordingly.

24.   Plaintiff's claims are barred, in whole or in part, by virtue of Ms. Stege's consent.

25.   Plaintiff's claims are barred, in whole or in part, because Plaintiff and Ms. Stege failed to exhaust their administrative remedies.

26.   Plaintiff's claims are barred, in whole or in part, because Ms. Stege is not a qualified individual with a disability.

27.   Plaintiff's claims are barred, in whole or in part, because Ms. Stege failed to engage in an interactive process and failed to propose or discuss accommodations which were reasonable.

28.   Under 42 U.S.C. § 1981a(a)(3), Ms. Stege is not entitled to damages because her employer demonstrated good faith efforts, in consultation with Ms. Stege, to identify and make a reasonable accommodation that would provide her with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

29.   Assuming, *arguendo*, Ms. Stege was refused a reasonable accommodation based on her alleged disability, such refusal was not unlawful because Ms. Stege could not be accommodated

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT GEORGIA-PACIFIC LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT    4.    Case No. C 07 3944 SBA

without undue hardship to her employer, including but not limited to violating the terms of a collective bargaining agreement.

30.  Assuming, *arguendo*, Ms. Stege was refused a reasonable accommodation based on her alleged disability, such refusal was not unlawful because such an accommodation could not be provided without fundamentally altering the nature or character of the business establishment and the goods and services provided therein.

31.  Assuming, *arguendo*, Ms. Stege was refused a reasonable accommodation based on her disability, such refusal was not unlawful because such an accommodation could not be provided without posing a direct threat to the health and safety of Ms. Stege or others in the workplace.

32.  Assuming, *arguendo*, that discrimination occurred, Defendant did not know, nor should it have known, of the alleged discriminatory conduct.

33.  Assuming, *arguendo*, that there was a violation of the Americans with Disabilities Act or other violation of law, Plaintiff's claim remains barred, in whole or in part, because even without any said impermissible factor, all employment actions taken by her employer would still have been taken due to lawful, legitimate, non-prohibited, or independent reasons.

34.  Any emotional harm suffered by Ms. Stege was caused by some entity or person(s) other than Defendant.

35.  Defendant alleges that all acts taken by Ms. Stege's employer or anyone acting on behalf of that employer were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate, and for lawful and legitimate, nondiscriminatory reasons. Ms. Stege's employer engaged in good faith efforts to comply with the Americans with Disabilities Act and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

36.  Plaintiff has failed to state facts sufficient to set forth a claim for exemplary or punitive damages under 42 U.S.C. § 1981a(b)(1).

37.  Under 42 U.S.C. § 1981a(b)(3), Ms. Stege's recovery is limited by the statutory caps on compensatory and punitive damages recoverable in actions arising under the Americans with Disabilities Act.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT GEORGIA-PACIFIC LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT

5.

Case No. C 07 3944 SBA

38. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to, 42 U.SC. §§ 2000e *et seq.* and 12117 *et seq.*, or Plaintiff's failure to timely file a civil action under 42 U.S.C. § 2000e-5(f).

39. Plaintiff's claims are barred because neither Plaintiff nor Ms. Stege exhausted administrative remedies before filing suit, including but not limited to failure to follow the conciliation process at all, or in good faith.

40. Plaintiff's claims are barred, in whole or in part, because it failed to timely issue its determination finding reasonable cause under 42 U.S.C. § 2000e-5(b).

41. Plaintiff's claims are barred, in whole or in part, because Ms. Stege failed to timely file a charge with the EEOC under 42 U.S.C. § 2000e-5(e).

42. Defendant is not the employer under any theory of Janet Stege.

43. Plaintiff's claims are within the exclusive jurisdiction of or are preempted by, in whole or in part, section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

44. Plaintiff's claims are within the exclusive jurisdiction of the California Workers' Compensation Act.

45. Because Plaintiff's Complaint is couched in conclusory and vague terms, and was served in an incomplete form, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to this case. Accordingly, Defendant respectfully reserves the right to amend its Answer to add any applicable defenses revealed during any later proceedings in this case.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and Ms. Stege take nothing by reason of the Complaint;

2. That judgment be entered on the Complaint in favor of Defendant and against Plaintiff, and that the Complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT GEORGIA-PACIFIC LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT          6.          Case No. C 07 3944 SBA

Dated: October 1, 2007

Respectfully submitted,

_____
Margaret Hart Edwards
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
GEORGIA-PACIFIC LLC

## JURY TRIAL DEMAND

Georgia-Pacific LLC hereby requests a jury trial on all issues triable by a jury.

Respectfully submitted,

_____
Margaret Hart Edwards
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
GEORGIA-PACIFIC LLC

Firmwide:83146380.2 053676.1002

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT GEORGIA-PACIFIC LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT

7.

Case No. C 07 3944 SBA

**PROOF OF SERVICE BY MAIL**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 1, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT GEORGIA-PACIFIC LLC'S ANSWER TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED

in a sealed envelope, postage fully paid, addressed as follows:

William R. Tamayo
David F. Offen-Brown
Linda S. Ordonio-Dixon
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94106-1260

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 1, 2007, at San Francisco, California.

_____
Antonia M. Bereal-Lee

DEFENDANT GEORGIA-PACIFIC
LLC'S ANSWER TO COMPLAINT

Case No. C 07 3944 SBA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940