1  WILLIAM R. TAMAYO, SBN 084965
   DAVID F. OFFEN-BROWN, SBN 063321
2  LINDA S. ORDONIO-DIXON, SBN 172830
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105-1260
   Telephone No. (415) 625-5654
5  Fax No. (415) 625-5657

6  Attorneys for Plaintiff

7  MARGARET HART EDWARDS, SBN 065699
   JOSHUA L. KIENITZ, SBN 244903
8  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
9  San Francisco, CA  94108
   Telephone No.  (415) 433-1940
10 Fax No. (415) 399-8490

11 Attorneys for Defendant

12

13                    **UNITED STATES DISTRICT COURT**

14                    **NORTHERN DISTRICT OF CALIFORNIA**

15

16 | EQUAL EMPLOYMENT | CIVIL ACTION NO. C-07-3944  SBA |
   | OPPORTUNITY COMMISSION, | |
17 | Plaintiff, | JOINT CASE |
   | v. | MANAGEMENT STATEMENT |
18 | | |
   | GEORGIA-PACIFIC LLC, | |
19 | | |
   | Defendant. | |
20

21

22
        The parties to the above-entitled action jointly submit this Joint Case Management Statement
23
   pursuant to the Court's Standing Order Regarding Case Management Statements.
24

25  //

26  //

27  //

28  //
    **JOINT CASE MGT STMT**
    **C-07-3944  SBA**

### 1. Jurisdiction and Service

Plaintiff invokes jurisdiction of this Court pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345, and asserts that this action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. Defendant contests jurisdiction and timeliness of the claims.

Plaintiff asserts that the employment practices alleged to be unlawful were and are now being committed within the state of California, County of Alameda, City of San Leandro, which is within the jurisdiction of this court. Defendant denies any unlawful employment practices

Defendant Georgia-Pacific LLC has been served. Defendant asserts that Plaintiff has sued an entity that is not Janet Stege's employer.

### 2. Facts

**According to the EEOC:** The Equal Employment Opportunity Commission (EEOC) filed this public enforcement lawsuit based on the EEOC Charge of Janet Stege based on the following allegations of fact: Janet Stege has worked for Georgia-Pacific since approximately 1988 in production line and janitorial positions. She is disabled with a severe form of Fibromyalgia. Georgia Pacific accommodated Ms. Stege for this disability for approximately six years from 1998 to 2004, by limiting her to a 40 hour work week so that she could manage the severity of her symptoms. During the time period in which she received this accommodation, Ms. Stege worked in various jobs, including several years working on the production line, with no complaint from her supervisors. However, in early 2004, when the South San Francisco plant in which she worked was consolidated to another location located in San Leandro, Ms. Stege's accommodation was revoked.

Given no other option, Ms. Stege has worked without accommodation, which has exacerbated her condition and led to periods of disability.

**According to Defendant:** Janet Stege asserts that she has fibromyalgia. Defendant is not her employer. From what Defendant has learned, it cannot agree that Ms. Stege has fibromyalgia, as it has insufficient medical information to know whether this is true. Fibromyalgia is a diagnosis of exclusion, and is not demonstrable by objective medical findings. Further, Defendant has insufficient information to determine whether Ms. Stege is a qualified individual with a disability under the Americans with Disabilities Act, as Ms. Stege never asserted that she was limited in any major life activity. Ms. Stege demanded that she be guaranteed a schedule where she would not have to work overtime, even though in most jobs in the South San Francisco Plant where Ms. Stege worked until April 2004 overtime was mandatory and an essential function of the job. Ms. Stege's former employer, Georgia-Pacific Corporation attempted to accommodate Ms. Stege, exceeding its legal responsibility, by effectively allowing her to fail to perform the essential functions of her employment. She eventually bid for a janitorial position that seldom, if ever, required overtime work, and performed this job at the South San Francisco Plant.

In April 2004 the South San Francisco Plant was closed, and some workers were offered the opportunity to work at the newly acquired San Leandro plant. Ms. Stege was offered this opportunity, but was told that the janitorial position did not exist in San Leandro. In addition, the staffing was leaner in San Leandro, and the plant was differently configured. Any absence in the 24 hour/day (3 shifts per day) operations, was to be filled by persons in the same job in the adjoining shifts under the terms of the collective bargaining agreement. In addition, to meet orders, Saturday work was occasionally required. The collective bargaining agreement called for "mate to mate" coverage and mandatory overtime of 4 hours from the two people on the other shifts in the same job as the missing person. Mandatory overtime was an essential function of the job, and one that

Georgia-Pacific Corporation told Ms. Stege that she would have to perform. Ms. Stege agreed to perform this function, but filed a charge of discrimination with the EEOC in late 2004. Almost two and one-half years after the charge was closed in 2005, the EEOC brought suit.

### 3. Legal Issues

The EEOC alleges that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12112(a) and (b)(5)(A), by failing to continue Ms. Stege's reasonable accommodation. The following are the issues of law (and fact) which are expected to be the most prominent in this case:

a. Who was Ms. Stege's employer for the purposes of this suit, including whether Defendant is properly a party to this case.

b. Whether the suit was timely filed by the EEOC.

c. Whether Ms. Stege was and is a qualified individual with a disability under the ADA.

d. Whether mandatory overtime was an essential function of Ms. Stege's job before and after April 2004.

e. Whether Ms. Stege's request to be relieved from all overtime would have put her employer in conflict with the terms of the collective bargaining agreement to which it was a party.

f. Whether the employer of Ms. Stege had a duty to waive an essential job function as a reasonable accommodation to Ms. Stege.

g. Whether the employer of Ms. Stege had a duty to take action in conflict with a collective bargaining agreement to which it was a party in order to furnish an accommodation to Ms. Stege.

h. Whether Defendant had a duty to and failed to provide a reasonable

accommodation to Ms. Stege under the ADA.

    i.    Whether accommodating Ms. Stege's request to be relieved of all overtime would have imposed an undue hardship on the employer of Ms. Stege.

    j.    Whether Ms. Stege's condition posed a danger to herself or others.

    k.    Whether any claim brought on behalf of Ms. Stege is barred by laches, estoppel, or other defenses pleaded by Defendant.

    l.    Whether Ms. Stege's alleged mental or physical injury claims are barred by the exclusivity provisions of the California Workers' Compensation Act.

    m.    Whether Ms. Stege is entitled to damages, including, but not limited to lost pay, compensatory and punitive damages.

    n.    Whether Defendant acted with malice and/or reckless indifference to Ms. Stege's federally protected rights.

**4.   Motions**

Ms. Stege is presently seeking legal counsel as to whether she will move to intervene into the lawsuit with parallel California state claims. Defendant will oppose any such motion as untimely and asserts that any claims under California law are barred by the applicable statutes of limitation, and by laches.

**5.   Amendment of Pleadings**

Plaintiff Equal Employment Opportunity Commission (EEOC) will move to amend its Complaint to add as Defendants 1) Georgia-Pacific Corrugated LLC and 2) Georgia-Pacific Holdings, LLC. Defendant has identified these entities as Ms. Stege's employer and the parent company, respectively. Defendant will not oppose the substitution of Georgia-Pacific Corrugated LLC for the presently named Defendant, but opposes the addition of Georgia-Pacific Holdings, LLC, as it was not and never has been Ms. Stege's employer, and is not liable under any joint employer,

**JOINT CASE MGT STMT**      5.
**C-07-3944  SBA**
Firmwide:83449786.1 053676.1002

single employer, or alter ego theory.

**6.     Evidence Preservation**

The parties have reviewed their document preservation practices and have agreed to preserve all documents which may be relevant to the instant lawsuit. The parties do not anticipate that that the preservation of electronic data will be an issue in this case as the documents relevant to the claims appear to exist almost exclusively in hard copy format.

**7.     Disclosures**

The parties will exchange Initial Disclosures no later than November 13, 2007.

**8.     Discovery**

The scope of discovery will include 1) the identity of Ms. Stege's employer; 2) What actions were taken in response to Ms. Stege's assertion of her inability to work overtime while working at the South San Francisco Plant 3) What actions were taken when the South San Francisco Plant closed; 4) Ms. Stege's alleged disability; 5)The reasons for the almost 2.5 year delay in bringing this action, and its impact upon the Defendant; and 6) claims for damages. The case should be straight-forward and the parties do not foresee the need for any modifications to the discovery limitations set out by the federal rules. In addition, as this case involves the claims of a single individual on discrete issues, there is no need for discovery to be conducted in phases or for limitations in the focus of discovery. The parties will exchange written discovery, but do not anticipate the case to be document intensive.

**9.     Class Actions**

Not Applicable.

**10.    Related Cases**

None Known.

**11. Relief**

The EEOC seeks compensatory damages on Ms. Stege's behalf because of the emotional distress she has suffered, and continues to suffer, as a result of Defendant's alleged revocation of her accommodation. This alleged emotional distress, along with the adverse effects of overwork, are claimed to have caused her condition to worsen until she was rendered disabled for periods of time. In addition, the EEOC seeks lost wages incurred as a result of the exacerbation of Ms. Stege's condition. The lost wages will be calculated based on the actual income lost by Ms. Stege considering any offset which might be applied. The EEOC also seeks injunctive relief requiring Georgia-Pacific to provide Ms. Stege with the reasonable accommodation of a 40 hour work week. Finally, the EEOC also seeks punitive damages. Defendant seeks judgment in its favor, its costs, and its fees as a prevailing party in a suit brought without foundation, and in an untimely fashion.

**12. Settlement and ADR**

The parties have agreed to Mediation to be conducted, as soon as practicable, and if possible, given the holidays, within 90 days. The parties' "Stipulation and (Proposed) Order Selecting ADR Process" was filed on October 30, 2007.

**13. Consent to Magistrate Judge**

Defendant declined to consent to a Magistrate Judge in this lawsuit.

**14. Other References**

Not Applicable.

**15. Narrowing of Issues**

There are no issues which could be narrowed.

**16. Expedited Schedule**

Not Applicable.

**17.   Scheduling**

| | |
|---|---|
| Expert Disclosure Deadline: | July 30, 2008 |
| Rebuttal Expert Disclosure Deadline: | August 30, 2008 |
| Non-expert Discovery Deadline: | September 30, 2008 |
| Expert Discovery Deadline: | October 30, 2008 |
| Dispositive Motions Filing Deadline: | November 21, 2008 |
| Dispositive Motions Hearing Deadline: | January 16, 2009 |
| Pretrial Motion Filing Deadline: | January 30, 2009 |
| Pretrial Motion Hearing Deadline: | February 27, 2009 |
| Pretrial Conference: | March 20, 2009 |
| Trial: | May 4, 2009 |

**18.   Trial**

This case will be tried by Jury. Based on current information, the EEOC estimates that it will require four days to present its case; Defendant estimates that it will need four days to present its case.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiff identifies Charging Party Janet Stege as an interested person.

Defendant identifies the following non-party interested entities:

| Name | Connection and Interest |
|---|---|
| Georgia-Pacific Holdings, LLC | Parent company, 100% |
| Georgia-Pacific Corrugated LLC | Janet Stege's employer. |

**20.   Other Matters**

None known.

| | |
|---|---|
| Dated: October 31, 2007 | Dated: October 31 , 2007 |
| Equal Employment Opportunity Commission | Littler Mendelson P.C. |
| //s// | //s// |
| By: _____ | By: _____ |
| Linda Ordonio-Dixon | Margaret Hart Edwards |
| Attorneys for Plaintiff | Attorneys for Defendant |