```
 1  KATHRYN BURKETT DICKSON, State Bar No. 70636
    DICKSON - ROSS LLP
 2  1970 Broadway, Suite 1045
    Oakland, CA 94612
 3  Phone: 510-268-1999
    Fax: 510-268-3627
 4  E-mail: kbdickson@dicksonross.com

 5  Attorneys for Plaintiff/Intervenor
    JANET STEGE
 6
```

## UNTIED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. C-07-3944 (SBA) |
|---|---|
| Plaintiff | NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE |
| v. | |
| GEORGIA-PACIFIC LLC, | Date: March 4, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3, 3rd Fl. (Oakland)<br>Judge: Hon. Saundra B. Armstrong |
| Defendant. | |

TO PLAINTIFF AND DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 4, 2008 at 1:00 p.m. in Courtroom 3 (Oakland), or as soon thereafter as the matter may be heard, the aggrieved party, JANET STEGE, will and now does hereby move this Court under F.R.C.P. Rule 24(a) for leave to intervene in the above-referenced action as a party Plaintiff. The Plaintiff/Intervenor's motion will be heard by the Honorable Saundra Brown Armstrong in Courtroom 3 of the United States Federal District Court in Oakland, California.

This motion is brought in order that the aggrieved party might assert the claims set forth in her proposed Complaint in Intervention, a copy of which is attached as Exhibit A to the Declaration of Kathryn Burkett Dickson in Support of the Motion to Intervene. The grounds for the motion are:

(1) Janet Stege must be permitted to intervene as a matter of right, when a federal statute confers the unconditional right to intervene in the action, and the motion to intervene is timely; and

(2) The motion to intervene is timely in this action because Ms. Stege has sought to intervene at an early stage of the proceedings and is seeking no delay in the trial date or pre-trial deadlines established by the Court. The Complaint was filed in August, 2007; and the parties acknowledged in their joint initial case management statement on October 31, 2007, that Ms. Stege was seeking individual counsel and intended to seek intervention. Defendant will not be prejudiced by the intervention in that no depositions have occurred, no mediation has taken place, and no delay is being sought in the trial or pre-trial deadlines. The only discovery which has occurred to date has been the exchange of Initial Disclosures by the original parties and Plaintiff EEOC has fully responded to one set of interrogatories and one request for production of documents.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities with the attached Complaint in Intervention, the Declaration of Kathryn Burkett Dickson, and the Complaint filed by the Equal Employment Opportunity Commission.

Dated: January 10, 2008                    *DICKSON - ROSS LLP*

By:      /S/ Kathryn Burkett Dickson
Kathryn Burkett Dickson
Attorneys for Plaintiff/Intervenor
JANET STEGE