1  KATHRYN BURKETT DICKSON, State Bar No. 70636
   DICKSON - ROSS LLP
2  1970 Broadway, Suite 1045
   Oakland, CA 94612
3  Phone: 510-268-1999
   Fax: 510-268-3627
4  E-mail: kbdickson@dicksonross.com

5  Attorneys for Plaintiff/Intervenor
   JANET STEGE

6

7                    **UNTIED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9

10  EQUAL EMPLOYMENT OPPORTUNITY  )    **CIVIL ACTION NO. C-07-3944 (SBA)**
    COMMISSION,                   )
11                                )    **DECLARATION OF KATHRYN**
                  Plaintiff       )    **BURKETT DICKSON IN SUPPORT OF**
12                                )    **MOTION OF JANET STEGE FOR**
           v.                     )    **LEAVE TO INTERVENE**
13                                )
    GEORGIA-PACIFIC LLC,          )
14                                )    Date:        March 4, 2008
                  Defendant.      )    Time:        1:00 p.m.
15                                )    Courtroom:   3, 3rd Fl. (Oakland)
    _____  )    Judge:       Hon. Saundra B. Armstrong
16

17         I, Kathryn Burkett Dickson, declare as follows:

18         1.      I am an attorney licensed to practice in the State of California and before this

19  Court.  I submit this Declaration in Support of the Motion of Janet Stege for Leave to Intervene

20  in the above case.  I have personal knowledge of the facts set forth in this declaration and am

21  competent to testify to them.

22         2.      I have been retained by Janet Stege to represent her individual interests in this

23  matter and have been authorized by her to file this motion for leave to intervene on her behalf.

24         3.      I first met with Ms. Stege on December 28, 2007, reviewed the underlying

25  materials in the case and met with her again earlier this week.  This motion is being filed as

26  expeditiously as possible after our agreement that Ms. Stege would retain my services, which

27  occurred on January 7, 2008.

28

1    4.    On the morning of January 8, 2008, I contacted defense counsel, Margaret Hart

2  Edwards to inform her that I would be representing Ms. Stege, to inform her that I would be

3  filing a motion to intervene on Ms. Stege's behalf, and to discuss the schedule for Ms. Stege's

4  deposition.

5    5.    During my conversation with defense counsel on January 8, 2008, I asked that

6  Defendants stipulate to Ms. Stege's intervention, but defense counsel refused.  Defense counsel

7  chose to continue Ms. Stege's deposition until after the Court's ruling on intervention, although

8  I informed Ms. Hart Edwards that we were prepared to go forward with the deposition if she

9  desired.

10    6.    Attached to this Declaration as Exhibit A is a true and correct copy of the

11  Complaint in Intervention that Ms. Stege requests permission to file.

12    7.    The Complaint in Intervention names as Defendants Georgia-Pacific Corrugated, LLC

13  and Georgia-Pacific Holdings, LLC, rather than Georgia-Pacific LLC, as originally named in the

14  Complaint originally filed by the EEOC.  Counsel for the Commission, David Offen-Brown and Linda

15  Ordonio-Dixon have been informed me, as well as counsel for Defendant, (and indicated in the first

16  CMC statement)  that the EEOC will shortly be seeking to amend the Complaint to substitute these

17  Defendants as the proper employers and proper Defendants in the case.  In addition, I have observed

18  that Defendant identified these entities in the Statement of Interested Parties it filed with the Court (*see*

19  Court's Electronic Docket for this case, Document No. 11).

20    8.    From reviewing the files and records in this case, and based on my discussions with

21  Counsel for the EEOC, I am aware that no depositions have yet been taken in this matter; that the

22  original parties have exchanged Initial Disclosures; no mediations have occurred; no motions have been

23  filed. and that the EEOC has fully responded to one set of interrogatories and one set of requests for

24  production of documents; and that other discovery has not yet taken place.

25  ///

26  ///

27  ///

28

Declaration of Kathryn Burkett Dickson in Support of Motion of Janet Stege for Leave to Intervene
Civil Action No. C-07-3944 (SBA)                                                                2

1      9.      Ms. Stege and I are prepared to abide by the trial and pre-trial schedule set by the Court

2    for this case.

3

4      I declare under penalty of perjury under the laws of the United States and the State of

5    California that the foregoing is true and correct.  This Declaration was signed in Oakland,

6    California on January 10, 2008.

7

8

9                                                    */s/ Kathryn Burkett Dickson*
                                                    Kathryn Burkett Dickson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Kathryn Burkett Dickson in Support of Motion of Janet Stege for Leave to Intervene
Civil Action No. C-07-3944 (SBA)                                                      3

**Exhibit A**

1  KATHRYN BURKETT DICKSON, State Bar No. 70636
   DICKSON - ROSS LLP
2  1970 Broadway, Suite 1045
   Oakland, CA 94612
3  Phone: 510-268-1999
   Fax: 510-268-3627
4  E-mail: kbdickson@dicksonross.com

5  Attorneys for Plaintiff/Intervenor
   JANET STEGE
6

7                    **UNTIED STATES DISTRICT COURT**

8                 **NORTHERN DISTRICT OF CALIFORNIA**

9

10  EQUAL EMPLOYMENT OPPORTUNITY    )   **CIVIL ACTION NO. C-07-3944 (SBA)**
    COMMISSION,                     )
11                                  )   **COMPLAINT IN INTERVENTION**
              Plaintiff            )   **FOR DISABILITY DISCRIMINATION**
12                                  )   **AND FAILURE TO ACCOMMODATE**
    JANET STEGE,                    )
13                                  )   **DEMAND FOR JURY TRIAL**
              Plaintiff/Intervenor  )
14                                  )   Date:      March 4, 2008
         v.                         )   Time:      1:00 p.m.
15                                  )   Courtroom: 3, 3rd Fl. (Oakland)
    GEORGIA-PACIFIC CORRUGATED,     )   Judge:     Hon. Saundra B. Armstrong
16  LLC; and GEORGIA-PACIFIC        )
    HOLDINGS, LLC;                  )
17                                  )
              Defendants.           )
18                                  )
    _____    )
19

20

21       Plaintiff/Intervenor Janet Stege complains and alleges as follows:

22                    **JURISDICTION AND VENUE**

23       1.    This Court has jurisdiction to hear this action pursuant to 28 U.S.C. section 1331

24  because this action arises under the law of the United States, including 42 U.S.C. §§ 12112,

25  2117 and 42 U.S.C. §2000e-5(f)(1).  Plaintiff/Intervenor Janet Stege ("Ms. Stege") has the

26  right to intervene in this action pursuant to 42 U.S.C. §2000e-5(f)(1).

27       2.    The claims involved in this action arose in the Northern District of California, in

28  that the events described herein occurred in this judicial district.  Plaintiff/Intervenor is

    Complaint in Intervention For Disability Discrimination and Failure to Accommodate
    Civil Action No. C-07-3944 (SBA)                                                    1

1   informed and believes that Defendants Georgia-Pacific Corrugated, LLC and Georgia-Pacific

2   Holdings LLC own and operate facilities within this District in which Ms. Stege has been

3   employed.

4          3.      This Court has pendent and supplemental jurisdiction over Plaintiff/Intervenor's

5   claims brought pursuant to the California Fair Employment and Housing Act ("FEHA")

6   pursuant to 28 U.S.C. § 1367.  Compensatory and punitive damages, attorneys' fees and costs,

7   as well as injunctive and equitable relief are sought pursuant to both the federal ADA and the

8   California FEHA provisions providing for such remedies.

9                              **INTRADISTRICT ASSIGNMENT**

10         4.      This action is appropriate for assignment to San Francisco/Oakland because the

11  unlawful employment practices alleged were and are being committed in San Mateo and/or

12  Alameda Counties, and the relevant facilities owned and operated by Defendants are located in

13  those two Counties, which are within this the San Francisco/Oakland District.

14                                      **PARTIES**

15         5.      Plaintiff/Intervenor Janet Stege is a natural person who resides within this

16  judicial district.

17         6.      Plaintiff/Intervenor Janet Stege is informed and believes and thereon alleges that

18  Defendants Georgia-Pacific Corrugated LLC and Georgia-Pacific Holdings, LLC are

19  corporations authorized to do business and were or are doing business in the State of California,

20  Counties of San Mateo and/or Alameda, and have continuously employed at least 15 persons.

21  Plaintiff/Intervenor is further informed and believes and thereon alleges that Defendants

22  Georgia-Pacific Corrugated LLC and Georgia-Pacific Holdings LLC operate as an integrated

23  enterprise and/or constitute a "single employer" of Plaintiff/Intervenor.

24         7.      Plaintiff Equal Employment Opportunity Commission ("EEOC" or

25  "Commission") is the agency of the United States of America charged with the administration,

26  interpretation, and enforcement of the Americans with Disabilities Act ("ADA") and Title VII

27  of the Civil Rights Act.

28

 Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                      2

1    8.    At all relevant times, Defendants have been employers covered by the ADA, 42

2  U.S.C. 12111(2) & (5) and FEHA, Cal. Gov't Code §12926(d) and 12940.

3                                    **FACTUAL ALLEGATIONS**

4    9.    Plaintiff/Intervenor Stege has worked for Georgia-Pacific for nearly twenty

5  years.  She is currently employed in Georgia Pacific's San Leandro, California plant.

6    10.    Starting in approximately 1998, while working at the company's South San

7  Francisco plant, Ms. Stege required a work schedule accommodation because of her diagnosed

8  medical condition of fibromyalgia, a permanent medical condition that causes deep muscle

9  pain, severe headaches, and fatigue.  Fibromyalgia is a disability covered by both federal and

10  state law in that it substantially limits one or more major life activities.

11    11.    The accommodations which involved no assignment to the night shift, no more

12  than 40 hours of work per week, and two consecutive days off per week, were necessary and

13  were based on Ms. Stege's doctor's recommendation, because they allowed Ms. Stege to rest

14  her muscles and recover before returning to work.  Without sufficient rest, Ms. Stege's muscle

15  pain and fatigue become exacerbated.  These accommodations were provided until early 2004.

16    12.    In April 2004, Ms. Stege was transferred to the company's San Leandro facility.

17  She was informed at about that time that the company would no longer make any

18  accommodation to her work schedule.  Ms. Stege protested the company's refusal to provide

19  her continuing accommodations.

20    13.    Ms. Stege has attempted to work under the conditions imposed by her employer

21  and the extra work has exacerbated her condition, creating additional physical and emotional

22  suffering, and necessitating additional time off work.

23    14.    Ms. Stege is able to perform the essential functions of her job with reasonable

24  accommodation.  Since April, 2004, Defendants have been and are continuing to provide her

25  with reasonable accommodation.

26    15.    Ms. Stege has suffered physically, emotionally, and financially as a result of

27  Defendant's discrimination against and failure to accommodate her.

28

 Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                          3

16.     Defendants' actions in discriminating against Ms. Stege and in failing to accommodate her were done intentionally, with malice, and in reckless and/or conscious disregard of Ms. Stege's federally and state protected rights.

17.     Within the time allowed by law, Ms. Stege filed a charge of discrimination with the EEOC.  The charges were also filed with the DFEH pursuant to a work-sharing agreement between the state and federal agencies.  Ms. Stege received a right to sue from the DFEH which was tolled pending the EEOC's investigation, efforts at conciliation, and during the pendency of this action which was timely filed by the EEOC.  Thus, all conditions precedent to the filing of this action have been fulfilled.

## FIRST CLAIM FOR RELIEF

### (Violation of the Americans with Disabilities Act)

18.     The preceding allegations are re-alleged and incorporated here by reference.

19.     Defendants engaged in unlawful employment practices in violation of provisions of the ADA, 42 U.S.C. §§ 12112(a) & (b)(5)(A) by discriminating against Ms. Stege and failing to provide her with reasonable accommodation for her disability, fibromyalgia.

20.     In engaging in the conduct described above, Defendants have deprived Ms. Stege of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

21.     Defendants engaged in the conduct described above intentionally, with malice, and in reckless and/or conscious disregard of Ms. Stege's federally protected rights.

22.     Wherefore, Ms. Stege seeks the relief listed below.

## SECOND CLAIM FOR RELIEF

### (Violation of the California Fair Employment and Housing Act)

23.     The preceding allegations are re-alleged and incorporated here by reference.

24.     Defendants engaged in unlawful employment practices in violation of provisions of the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12926 & 12940, by discriminating against Ms. Stege, failing to provide her with reasonable accommodation for her

1  disability, fibromyalgia, and failing to take all steps reasonably necessary to prevent disability

2  discrimination from occurring.

3      25.    In engaging in the conduct described above, Defendants have deprived Ms.

4  Stege of equal employment opportunities and have otherwise adversely affected her status as an

5  employee because of her disability.

6      26.    Defendants engaged in the conduct described above intentionally, with malice,

7  and in conscious disregard of Ms. Stege's protected rights under state law.

8      27.    Wherefore, Ms. Stege seeks the relief listed below.

9                          **PRAYER FOR RELIEF**

10  WHEREFORE, Plaintiff/Intervenor Janet Stege prays for judgment in her favor and

11  against Defendants as follows:

12      1.    For compensatory damages, including loss of wages and benefits, according to

13  proof;

14      2.    For mental and emotional distress, according to proof;

15      3.    For punitive and exemplary damages in an amount sufficient to punish and deter

16  Defendants, according to proof;

17      4.    For an award of interest, including prejudgment interest at the legal rate;

18      5.    For injunctive and equitable relief enjoining Defendants from violating

19  Plaintiff/Intervenor's rights to work free of disability discrimination and requiring Defendants

20  to provide reasonable accommodation as required by law;

21      6.    For injunctive and equitable relief requiring Defendants to establish and

22  implement policies, training, and procedures to ensure that Defendants' managers, supervisors

23  and other relevant employees fulfill their legal obligations to ensure that discrimination against

24  e employees with disabilities does not occur and to ensure that such employees are provided the

25  reasonable accommodations with the law mandates.

26      7.    For an award of attorneys' fees and costs as provided by 42 U.S.C. section

27  2000e-5(k) and California Government Code section 12965.

28

 Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                      5

1      8.      For such other and further relief as the Court deems just and proper.

2

3   Dated:  January 10, 2008                                    *DICKSON - ROSS LLP*

4
                                                    By:     /S/ Kathryn Burkett Dickson
5                                                           Kathryn Burkett Dickson
                                                            Attorneys for Plaintiff/Intervenor
6                                                           JANET STEGE

7

8

9                          **DEMAND FOR JURY TRIAL**

10        Plaintiff/Intervenor Janet Stege hereby demands a jury trial on her federal and state
    claims
11
    as authorized by law.
12

13
    Dated:  January 10, 2008                                    *DICKSON - ROSS LLP*
14

15                                                  By:     /S/ Kathryn Burkett Dickson
                                                            Kathryn Burkett Dickson
16                                                          Attorneys for Plaintiff/Intervenor
                                                            JANET STEGE
17

18

19

20

21

22

23

24

25

26

27

28

 Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                        6