KATHRYN BURKETT DICKSON, State Bar No. 70636
DICKSON - ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Phone: 510-268-1999
Fax: 510-268-3627
E-mail: kbdickson@dicksonross.com

Attorneys for Plaintiff/Intervenor
JANET STEGE

UNTIED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff<br><br>  v.<br><br>GEORGIA-PACIFIC LLC,<br><br>    Defendant. | CIVIL ACTION NO. C-07-3944 (SBA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JANET STEGE FOR LEAVE TO INTERVENE**<br><br>Date:    March 4, 2008<br>Time:    1:00 p.m.<br>Courtroom: 3, 3rd Fl. (Oakland)<br>Judge:   Hon. Saundra B. Armstrong |

## I.    INTRODUCTION AND STATEMENT OF FACTS.

Plaintiff/Intervenor JANET STEGE seeks leave of this Court to file a Complaint in Intervention (attached as Exhibit A to the accompanying Declaration of Kathryn Burkett Dickson in Support of the Motion to Intervene ("Dickson Dec.") in order to intervene in the underlying action filed by the Equal Employment Opportunity Commission ("EEOC" or "Commission").[1]

---

[1] The Complaint in Intervention names as Defendants Georgia-Pacific Corrugated, LLC and Georgia-Pacific Holdings, LLC, rather than Georgia-Pacific LLC, as originally named in the Complaint originally filed by the EEOC. Counsel for the Commission has notified counsel for Party/Intervenor STEGE, as well as counsel for Defendant, that it will shortly be seeking to amend the Complaint to substitute these Defendants as the proper employers and proper Defendants in the case. Dickson Dec. ¶ 7. In addition, Defendant identified these entities in the Statement of Interested Parties it filed with the Court. Dickson Dec. ¶ 7.

The Commission is the federal agency charged by Congress with the interpretation, administration, and enforcement of a number of federal statutes banning employment discrimination, including the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112, 12117.  In this capacity, the Commission filed the underlying Complaint in this action alleging unlawful employment practices in violation of section 102(a) and (b)(5)(a) of the ADA, 42 U.S.C. §12112(a) & (b)(5)(a).

In this case, Ms. Stege seeks to bring individual federal claims for discrimination against her based on her disability and failure to accommodate her disability. These claims parallel those brought by the EEOC.   In addition, Plaintiff seeks to bring parallel state claims under the California Fair Employment and Housing Act for discrimination based on disability, failure to accommodate, and failure to take steps to prevent such discrimination. Cal. Gov't Code §§12926,12940(a, k, & m).  These state claims arise from the same operative facts as the federal claims and will therefore not increase the scope of discovery in this matter.  Plaintiff asks this Court to assert pendent and supplemental jurisdiction over her state claims because the state and federal claims share a common nucleus of operative fact.  Similarly, the Court should assert jurisdiction over the state law claims because the evidence needed to resolve the state law claims substantially overlaps with the evidence needed to resolve the federal court claims. *See, Trichtler v. County of Lake,* 358 F.3d 1150, 1153 (9th Cir. 2004).

Janet Stege now seeks to intervene as party Plaintiff as a matter of right in this action against Defendants Georgia-Pacific Corrugated, LLC and Georgia-Pacific Holdings, LLC, to pursue her remedies for compensatory and punitive damages, as well as equitable relief under federal law, and her state law claims for disability discrimination and failure to accommodate.

As set forth in the Declaration of Kathryn Burkett Dickson filed with this motion, the EEOC filed its Complaint just five months earlier in August, 2007.  The Complaint in Intervention will result in no delay of the trial date or pre-trial deadlines established by the Court.  Dickson Dec. ¶¶ 8 & 9.

**II.    ARGUMENT**

    **A.    Pursuant to FRCP 24(a)(1), Plaintiff/Intervenor May Intervene as a Matter of Right in this Action.**

Rule 24 of the Federal Rules of Civil Procedure ("Rule 24") provides in relevant part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . .

The ADA (incorporating provisions of Title VII) expressly provides an aggrieved employee the right to intervene in a civil action brought by the Commission. *See* 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(1)); *EEOC v. Westinghouse Electric Corporation,* 675 F.2d 164, 165 (8th Cir. 1982). Since the relevant statute confers an entitlement to intervene as of right, Plaintiff/Intervenor Janet Stege must be allowed to intervene so long as her motion is timely.

    **B.    Plaintiff/Intervenor's Request to Intervene is Timely.**

Rule 24(a) requires, as a condition precedent, that the application to intervene be timely. It is within the Court's discretion to determine if this motion is timely. *Yniguez v. Arizona,* 939 F.2d 727, 731 (9th Cri. 1991). Among the factors to be considered in determining timeliness are: (1) how far the proceedings have gone when the movant seeks to intervene; (2) the prejudice which resultant delay might have caused the other parties; and (3) the reason for and length of the delay. *Alaniz v. Tillie Lewis Foods,* 572 F.2d 657, 659 (9th Cir. 1978); *County of Orange v. Air California,* 799 F.2d 531, 537 (9th Cir. 1986); *U.S. v. State of Washington,* 86 F.3d 1499, 1503 (9th Cir. 1996).

In determining whether a motion to intervene is timely, a court should broadly construe the requirements of Rule 24 in favor of the moving party. *Westlands Water District v. United States,* 700 F.2d 541, 563 (9th Cri. 1983). In this case, where the intervention is sought as a matter of right, a court should be even more lenient in applying the timeliness requirement. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir. 1984).

While early intervention is favored, the court will consider whether any of the existing

parties are significantly prejudiced by the fact that the moving party failed to seek intervention at an earlier time. *United States v. Jefferson Co.,* 720 F.2d 1511, 1517 (11th Cir. 1983). In this case, Janet Stege seeks to intervene five months after the filing of the underlying action by the EEOC. The only discovery which has occurred are the exchange of Initial Disclosures by the existing parties, and the EEOC has responded to one set of interrogatories and one set of requests for production by Defendant. No depositions have been taken; no mediation has occurred; and no motions have been brought by any party. Dickson Dec. ¶ 8. One case management conference has occurred, and the Court has set the trial date, and pre-trial deadlines. The intervention of Ms. Stege will not delay the trial, the conclusion of discovery, or any other pre-trial deadline. *Id.* An intervention motion is considered timely when, as in this case, it is brought during the initial stages of discovery. *National Organization for Women v. Minnesota Mining and Manufacturing Co.,* 111 F.E.P. Cases 720 (D.Minn. 1975).

Defendant may claim that Ms. Stege's deposition, which had been scheduled for January 8, 2008, was continued because of this motion to intervene. Dickson Dec. ¶ 5. However, Ms. Stege's counsel informed defense counsel she was ready to proceed on that date. Defense counsel chose to put the deposition over until after the intervention motion is heard and decided. That is, of course, within Defendant's right; but, that is a choice Defendant has made. Furthermore, Ms. Stege's counsel asked Defendant to stipulate to this intervention since it is as a matter of right, which would obviate any delay. Defendant refused to agree, and forced Ms. Stege to make this formal motion, which cannot be heard because of the Court's calendar until March 4, 2008. Thus, any delay in completion of Plaintiff's deposition is occurring because of Defendant's refusal to stipulate to this intervention, and was within their control. *Id.* In any event, as noted above, there will be no delay in the trial date or completion of pre-trial preparation by virtue of this motion or an order granting intervention.

If necessary, courts will examine the reason for and the length of delay when a party seeks to intervene in case. Here, however, the delay was minimal and the prejudice non-existent. Defendants were aware within 90 days of the filing of this action that Ms. Stege was

1 seeking private counsel. She was able to meet with Ms. Dickson on December 28, 2007, and
2 this motion is being filed approximately two weeks later.
3      Applying the foregoing considerations to the facts presented here, the request to
4 intervene should be determined to be timely made.

**III. CONCLUSION.**

For all the reasons set forth above, Plaintiff/Intervenor Janet Stege respectfully requests that her motion to intervene in the instant action be granted, and that she be permitted to file the Complaint in Intervention attached as Exhibit A to the Declaration of Kathryn Burkett Dickson.

Dated: January 10, 2008                                  *DICKSON - ROSS LLP*

By:     /S/ Kathryn Burkett Dickson
Kathryn Burkett Dickson
Attorneys for Plaintiff/Intervenor
JANET STEGE