MARGARET HART EDWARDS, Bar No. 65699
JOSHUA D. KIENITZ, Bar No. 244903
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Facsimile:   415.358.4566

Attorneys for Defendant
GEORGIA-PACIFIC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC LLC,<br><br>Defendant. | Case No. C 07 3944 SBA<br><br>**DECLARATION OF MARGARET HART EDWARDS IN SUPPORT OF DEFENDANT'S OPPOSITION TO CHARGING PARTY JANET STEGE'S MOTION TO INTERVENE**<br><br>Date:        March 4, 2008<br>Time:        1:00 p.m.<br>Courtroom:  3<br>Judge:       The Hon. Saundra B. Armstrong |

I, Margaret Hart Edwards, hereby declare:

1. I am a shareholder with the law firm of Littler Mendelson, a Professional Corporation, counsel of record for Defendant in the above-captioned matter. I make this declaration based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. In response to Defendant's Request for Production of Documents, Set One, the EEOC produced the following documents, among other documents, on December 18, 2007:

- Janet Stege's November 24, 2004 charge of discrimination, a true and correct copy of which is attached hereto as Exhibit A;
- a two-page note, apparently written by Janet Stege, summarizing events in early April 2004, a true and correct copy of which is attached hereto as Exhibit B;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

EDWARDS DECL. ISO DEF'S OPPOSITION
TO MOTION TO INTERVENE                    1.    Case No. C 07 3944 SBA

- the right-to-sue notice issued to Stege by the DFEH on December 1, 2004, a true and correct copy of which is attached hereto as Exhibit C;
- Georgia-Pacific's EEOC Position Statement, apparently sent by GP on January 12, 2005 and received by the EEOC on January 13, 2005, a true and correct copy of which is attached hereto as Exhibit D.

3. In response to Defendant's Request for Production of Documents, Set One, the EEOC produced its type-written notes from the following interviews, among other interviews, on December 18, 2007:

- February 14, 2005 interview with Albert Conrad, bates-stamped EEOC 0071;
- February 14, 2005 interview with Ron Orr, bates-stamped EEOC 0072;
- January 25, 2005 interview with Mike Belmessieri, bates-stamped EEOC 0074-0075; and
- March 7, 2005 interview with Joe McGovern, bates-stamped EEOC 0099-0100.

4. The EEOC and Defendant have entered into a stipulation that Georgia-Pacific Corrugated, LLC, as Stege's only employer, is the only proper defendant in this action and have agreed that the EEOC's Complaint may be amended to Georgia-Pacific Corrugated, LLC and dismiss Georgia-Pacific, LLC.

5. Defendant does not have a copy of any letter by which the EEOC informed Stege of the close of conciliation on June 9, 2005, pursuant to 42 U.S.C. § 2000e-5(f)(1). On January 14, 2008, immediately after being served with Stege's Motion to Intervene (January 12 and 13 were weekend days), Defendant served a supplemental Request for Production of Documents on the EEOC, specifically requesting:

> All non-privileged documents (except for those already produced by the EEOC in response to Defendant's Request for Production of Documents, Set One) reflecting the EEOC's correspondence with Charging Party Janet Stege, including, but not limited to, correspondence regarding the EEOC's determination, on or around June 9, 2005, that efforts to conciliate with Ms. Stege's employer had been unsuccessful.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

EDWARDS DECL. ISO DEF'S OPPOSITION
TO MOTION TO INTERVENE          2.          Case No. C 07 3944 SBA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of February, 2008 at San Francisco, California.

*[signature]*

MARGARET HART EDWARDS

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

EDWARDS DECL. ISO DEF'S OPPOSITION TO MOTION TO INTERVENE    3.    Case No. C 07 3944 SBA

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>370-2005-00421 |
|---|---|---|

California Department Of Fair Employment & Housing _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Janet Stege | Home Phone No. (Incl Area Code)<br>(650) 583-2070 | Date of Birth<br>11-09-1957 |
|---|---|---|
| Street Address<br>321 San Jose Ave. Millbrae, CA 94030 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>GEORGIA PACIFIC | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(510) 483-7580 |
|---|---|---|
| Street Address<br>2800 Alvarado St., San Leandro, CA 94577 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____   Latest  11-24-2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for Respondent on April 18, 1988. My last job title was Strapper Operator. On April 20, 1998, I requested, and received, a reasonable accommodation from Respondent. In April of 2004, Respondent moved from the South San Francisco facility to a facility in San Leandro. Joe McGovern, Plant Manager, informed me that I would no longer be reasonably accommodated at the new facility. On August 12, 2004, I became sick and have been out on medical disability since.

Respondent gave me no reason for its discriminatory actions.

I believe that I have been discriminated against on the basis of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED
NOV 24 2004
EEOC-SFDO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11-24-04   *Janet K. Stege*
Date       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC 0009

EXHIBIT A

# EXHIBIT B

<u>WK OF MARCH 22ND</u>
JOE MCGOVERN PLANT MANAGER TALKED TO ME ABOUT GETTING OFF 40 HR WORK WK. HE SAID ANYONE WHO IS PICKED TO GO TO SAN LEANDRO HAS TO BE ABLE TO WORK O.T. I TOLD HIM I COULDN'T AND THEN I SAID I COULD TRY

<u>APRIL 6TH</u>
LAST DAY IN S.S.F. I WAS PICKED TO GO AND THEY GAVE ME THE STRAPPER JOB.

<u>APRIL 8TH THUR</u>
ORIENTATION - I PICKED SWING SHIFT AND TALKED TO JOE M. AND ARRON (H.R. MANAGER) ABOUT WORKING 40 HRS A WK. ARRON TOLD ME HE WOULD CHECK HE HIMSELF THOUGHT EVERYTHING WOULD REMAIN THE SAME.

<u>APRIL 9TH FRI</u>
ORIENTATION -
THEY HAD US SCHEDULED FOR MONDAY APRIL 12TH AND I NOTICED I WAS ON 12 HRS (TRAINING). I REMINDED ARRON ABOUT ME WORKING O.T. AND HE SAID HE WOULD CALL ATLANTA. THEN HE CAME BACK AND TOLD ME HIS BOSS SAID I COULD NOT BE ON A 40 HR WORK WK. THEY DO NOT HAVE TO ACCOMMODATE FOR HRS. SHE TOLD HIM EVERYTHING CHANGED WHEN THEY MOVED. I ASKED ARRON FOR THE PHONE # TO CONTACT HER AND HE WOULD NOT GIVE IT TO ME. HE SAID I HAD TO GO THROUGH HIM.

<u>APRIL 12TH</u>

When I got to San Leandro Joe M. and Arron pulled me aside and at that time my union ~~Bus~~ General Rep. was there so I took him with me. They told me I had to get a doctors release off 40 hr work wk. by the end of the work wk or I couldn't come back till I got one. My union Rep. asked them if I could get off the 12 hrs I was scheduled to have time to go to the doctors and he was told no. Joe said they would try to make time for me to go. I seen my <sup>PRIMARY</sup> doctor on April 15th I pushed to get into see her I told them (DR OFFICE) if I didn't get in that week I couldn't go back to work. My doctor released me see letter. ~~It was my internal medicine doctor who put me on 40 hrs see letter~~

<u>AUG 12</u> worked 12th-15th w/out release

Left work at 5:00 pm.    <u>MEDICATIONS</u>

<u>AUG 13TH</u> - PRIMARY DR.            FLEXERIL   CELEBREX
<u>AUG 23RD</u> - PHYSICAL THERAPY        VICODIN
<u>OCT 8TH</u> - INTERNAL MEDICINE         TIZANIDINE
                                NORTRIPTYLINE
                                AMBIEN
                                NAPROXEN
                                IBUPROFEN

Legal Aid 415 864-8848
   Elizabeth Christen


Offered me permadent
Disability

# EXHIBIT C

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 250
   Bakersfield, CA 93309
H  (661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
   Fresno, CA 93710
C  (559) 244-4760

☐ 611 West Sixth Street, Suite 1500
   Los Angeles, CA 90017
B  (213) 439-6799

☒ 1515 Clay Street, Suite 701
   Oakland, CA 94612
M  (510) 622-2941

☐ 2000 "O" Street, Suite 120
   Sacramento, CA 95814
E  (916) 445-5523

☐ 1350 Front Street, Suite 3005
   San Diego, CA 92101
D  (619) 645-2681

☐ 121 Spear Street, Suite 430
   San Francisco, CA 94105
A  (415) 904-2303

☐ 111 North Market Street, Suite 810
   San Jose, CA 95113
J  (408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
   Santa Ana, CA 92705
K  (714) 558-4266

EEOC NUMBER : 370-2005-00421

CASE NAME : JANET STEGE v. GEORGIA PACIFIC

DATE : December 1, 2004

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Deputy Director
Enforcement Division

EEOC 0016
DFEH-200-02 (01/04)

EXHIBIT C

# EXHIBIT D

# Georgia-Pacific Corporation

## Position Statement

## Stege Charge: 370-2005-00421

EEOC 0082

EXHIBIT D

 **Georgia-Pacific**

Amy M. McDonald
419 Promontory Drive East
Newport Beach, CA 92660
(949) 706-7245

January 12, 2005

**RECEIVED
JAN 13 2005
EEOC-SFDO**

Terry G. Knapp
Office Automation Asst.
San Francisco District Office
350 The Embarcadero Suite 500
San Francisco, CA 94105

Re:  Janet Stege
     Charge 370-2005-00421

Dear Mr. Knapp:

This document is submitted on behalf of Georgia-Pacific Corporation in response to the above-referenced charge. The information herein contained includes a statement of the company's position with respect to the allegations identified in this charge and relevant supporting documentation.

The Charging Party alleges that she has been discriminated against in violation of the Americans with Disabilities Act of 1990 (ADA). Georgia-Pacific is an Equal Opportunity Employer (Exhibit 1) and denies the allegation of discrimination. The following information supports that position and accordingly, this charge should be dismissed in its' entirety.

### BACKGROUND INFORMATION

Georgia-Pacific Corporation is a manufacturer and distributor of building products, packaging and paper. The San Leandro, CA plant is a part of Georgia-Pacific's Packaging Division and is responsible for producing a wide range of products for consumer use. The San Leandro plant operates 24 hours a day and 5-7 days a week based on the season.

The Charging Party was employed at Georgia-Pacific Corporation's South San Francisco, CA plant on April 18, 1988. She is currently employed at our San Leandro, CA facility as a Strapper Operator. While working at our South San Francisco, CA plant the charging party requested and received a reasonable accommodation for a 40-hour a week work restriction when she was awarded the position of janitor. In April of 2004, the company moved their business to a larger, more profitable location in San Leandro. This resulted in business changes including new machines, new customers, new employees, and different jobs. The company made a decision to no longer have the janitorial position as a full-time job. This was a decision that was made at all union plants on the West Coast.

EEOC 0083

### Particulars

**Allegation:** I began working for Respondent on April 18, 1988. My last job was Strapper Operator. On April 20, 1998, I requested, and received, a reasonable accommodation from Respondent. In April 2004, Respondent moved from South San Francisco to a facility in San Leandro. Joe McGovern, Plant Manager, informed me that I would no longer be reasonably accommodated at the new facility. On August 12, 2004, I became sick and have been out on medical leave disability since. Respondent gave me no reason for its discriminatory actions. I believe that I have been discriminated against on the basis of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

**Company Response:** On April 20, 1998, the Charging Party bid and received the janitorial position at the South San Francisco facility. While working in this position, the Charging Party requested a reasonable accommodation to work a restricted schedule of only 40 hours per week. After reviewing the request, the company determined that the duties of the janitorial position could be accomplished within a 40-hour week and accordingly, the company granted the Charging Party's request. The Charging Party remained in that position until the plant was closed on April 7 of 2004. When the company relocated to the new San Leandro facility, the janitorial position that the Charging Party held was no longer available. On April 7, 2004 the Charging Party was offered the position of strapper operator at the new facility. All employees from the South San Francisco facility who were offered positions at the new facility had the opportunity to either accept the position or decline it and take a severance package. If employees were not sure at the time of the offer, they were allowed a 30-day trial period at the new facility beginning on April 8, 2004. If within 72 hours of moving to the new facility, the employee felt that their new position or the new location was not suitable for them they could take the severance package, provided that they worked for 30-days to allow the company time to find a replacement. The company also gave all employees an additional 30 days starting from April 12, 2004 to provide a justifiable reason to leave and they would still receive severance. Upon offering the Charging Party the strapper operator position, she was informed that the ability to work overtime in the position was an essential function of the job. Per section 8 of the labor agreement (Exhibit 2), if a shift worker does not report for his regular shift, his mate shall notify the foreman. He shall remain at his post until a substitute is secured and if necessary, he shall work an extra shift at the overtime rate. The Charging Party's position is a shift position that requires over-time. All positions in the plant are covered under the same collective bargaining agreement. The Charging Party was also advised that the company would need medical certification from her physician to indicate that she was able to work an unrestricted work schedule. On April 15, 2004 the Charging Party's doctor released her from the overtime restrictions and the Charging Party did not request any other accommodations for the company to consider. Accordingly, the company no longer viewed the Charging Party as needing any reasonable accommodation. The Charging Party began working overtime in the strapper operator position and in June 2004, she approached Aaron Ybarrondo, Human Resources Manager, and expressed concerns regarding her ability to continue in her position. Mr. Ybarrondo provided the Charging Party with medical certification paperwork and requested that she have it completed by her physician so that the company could determine her ability to safely perform her job and/or whether she should be granted leave under FMLA based on the physician's evaluation. The Charging Party never returned the medical certification paperwork and continued to work in the position of strapper operator until August 12, 2004. On August 13, 2004, Charging Party called into work and indicated that she would be out on medical leave. The Charging Party has not returned to work since then and remains on medical leave. Further, she has not presented any medical documentation that indicates she can return to work with or without a reasonable accommodation. Therefore, the Charging Party's assertion that she has been discriminated against based on her alleged disability is without merit.

### RESPONDENT'S POSITION

It is the position of Georgia-Pacific Corporation that the Charging Party has not been discriminated against based on disability or any other classifications protected by local, state or federal laws. All decisions and actions regarding Charging Party have been based on legitimate nondiscriminatory business needs. For the reasons stated herein, Georgia-Pacific respectfully requests that the Commission issue a no cause determination and dismiss this charge in its' entirety.

Sincerely,

*Amy McDonald*

Amy M. McDonald
Sr. Manager Human Resources

2