MARGARET HART EDWARDS, Bar No. 65699
JOSHUA D. KIENITZ, Bar No. 244903
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.358.4566

Attorneys for Defendant
GEORGIA-PACIFIC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

GEORGIA-PACIFIC LLC,

    Defendant.

Case No. C 07 3944 SBA

**DECLARATION OF BILL YEAGER IN SUPPORT OF DEFENDANT'S OPPOSITION TO CHARGING PARTY JANET STEGE'S MOTION TO INTERVENE**

Date: March 4, 2008
Time: 1:00 p.m.
Courtroom: 3
Judge: The Hon. Saundra B. Armstrong

I, Bill Yeager, hereby declare:

1. I am an Area Human Resources Manager for Georgia-Pacific Corrugated, LLC ("Corrugated"). I provide HR services for several facilities in Northern California. I am not an employee of Georgia-Pacific Holdings, LCC.

2. On February 9, 2006, while employed as a Strapper Operator, Janet Stege gave plant superintendent Alex Reyes a handwritten note indicating that her job was "exasperating" her medical condition. In this letter, Stege requested, as a "reasonable accommodation," either: (1) that Corrugated fix the equipment on which Stege was working; or (2) that Corrugated transfer Stege to another machine. In response, Alex Reyes and I met with Stege to discuss possible options for a reasonable accommodation. A true and correct copy of Stege's February 9, 2006 letter is attached hereto as Exhibit A.

3. As a result of our meetings with Stege, on February 17, 2006, we signed a
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

YEAGER DECL. ISO DEF'S OPPOSITION TO MOTION TO INTERVENE    1.    Case No. C 07 3944 SBA

1  letter of agreement with Stege and Union chief steward Raymond Murray, memorializing that Stege
2  had expressed a desire to move to the Cascader Department and that Corrugated and Stege agreed
3  that Stege could perform all the essential functions of that job without adversely affecting her
4  medical condition. Stege chose the Assistant Operator position over the Rover position. A true and
5  correct copy of this February 16, 2006 letter agreement is attached hereto as Exhibit B.

6    4.    We understood, certainly by February 2006, as did Stege and the Union, that
7  the mandatory overtime question had been settled, for better or worse, back in April 2004. During
8  our meetings with Stege around this time, Stege gave absolutely no indication that she intended to
9  file a lawsuit. We believed that we had negotiated a reasonable accommodation that was acceptable
10 to both Stege and the Union — a belief that I feel was amply justified by the signatures on the letter
11 agreement. If we had known that Stege still claimed that the only reasonable accommodation was
12 one which allowed her a strict 40-hour per week schedule, there would have been a different
13 accommodation discussion.

14   5.    Only Corrugated has the power to hire and fire employees at the San Leandro
15 plant, including Stege. Only Corrugated has the power to determine Stege's work schedule and
16 compensation. All day-to-day operations at Corrugated's San Leandro plant are controlled by
17 Corrugated's managers, such as Plant Superintendent Alex Reyes and HR Generalist Curtis Kimbro
18 (Mr. Kimbro is the custodian of records at the San Leandro plant). Kimbro and Reyes, and all other
19 managers at the San Leandro plant, are employees of Corrugated — not Holdings. Corrugated
20 maintains Stege's employment records. Holdings plays no role in any of these actions.

21   I declare under penalty of perjury under the laws of the State of California that the
22 foregoing is true and correct.

23   Executed this _11_ th day of February, 2008 at San Leandro, California.

*[signature]*
WILLIAM A. (BILL) YEAGER

Firmwide:84238724.1 053676.1002

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

YEAGER DECL. ISO DEF'S OPPOSITION
TO MOTION TO INTERVENE                2.           Case No. C 07 3944 SBA

# EXHIBIT A

FEB. 9, 2006

TO WHOM IT MAY CONCERN.

I AM ASKING FOR A REASONABLE ACCOMMODATION BY EITHER GETTING THE EQUIPMENT I WORK ON FIXED OR TRANSFERRING OFF THE MACHINE I DON'T WANT OR SHOULD NOT HAVE TO MAKE THIS MOVE, BUT THE CONDITIONS I WORK UNDER ARE ONLY EXASPERATING MY MEDICAL CONDITION. ALSO, NOT HAVING A RELIEF FOR BREAKS OR LUNCH AND LEFT TO RELIEVE ONE ANOTHER, MAKES IT DIFFICULT TO BE LEFT ALONE TO RUN TWO MACHINES.

Janet Stege
STRAPPER OP.

**EXHIBIT A**

# EXHIBIT B

 

Georgia-Pacific Corporation
San Francisco Bay Packaging

2800 Alvarado St
San Leandro, CA 94577
(510) 895-7807

February 17, 2006

Janet Stege
Strapper Operator
2800 Alvarado St
San Leandro, CA 94577

RE: Response to Request for Reasonable Accommodation

Dear Janet,

On February 9, 2006, you presented a request for a reasonable accommodation due to a medical condition. Although we are not making a determination as to whether you are an individual with a disability, we are willing to accommodate your request. Therefore, pursuant to your request, you will be transferred to the Cascader Department effective February 21, 2006, as either a Rover or an Assistant Operator. You will inform Alex Reyes, Converting Superintendent, of which position you desire by February 24, 2006.

When you requested an accommodation we discussed possible options. You expressed a desire to transfer to the Cascader Department since you could perform all of the essential functions of the job and your medical condition would not be adversely affected. Alex Reyes investigated the option and found a way to make the transfer work that is reasonable for the Company. Your transfer is taking place solely because of a medical condition and in no way is a negative reflection of your past job performance. Therefore, should you decide to accept a Rover position, your pay rate (the same rate as General Labor) will not change in June 2006 when a rate adjustment takes place to the General Labor position. Of course, if you decide to accept an Assistant Operator position your wage rate will be the rate paid to other Assistant Operators in the Cascader Department.

If an equipment configuration change occurs to the Strapper position in the future that would permit you to perform the essential functions of that job without adversely affecting your medical condition, management will allow you to transfer back to the Strapper position when the next available vacancy exists. However, we will not displace another employee to facilitate your transfer back to the Strapper position.

**EXHIBIT B**

Your signature below indicates that you requested the transfer during an interactive conversation about your request for a reasonable accommodation, and that you agree to the terms of the transfer.

If you experience any difficulties in performing the job in the Cascader Department, notify your supervisor or superintendent immediately.

*William A. Yeager*
William A. Yeager
Area HR Manager

*Alejandro Reyes*
Alejandro Reyes
Converting Superintendent

*Janet Stege*
Janet Stege
Strapper Operator

*Raymond Murray*
Raymond Murray
Chief Union Steward