MARGARET HART EDWARDS, Bar No. 65699
JOSHUA D. KIENITZ, Bar No. 244903
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Facsimile:    415.358.4566

Attorneys for Defendant
GEORGIA-PACIFIC CORRUGATED LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGIA-PACIFIC CORRUGATED, LLC,<br><br>　　　　　Defendant. | Case No.  C 07 3944 SBA<br><br>**DEFENDANT'S SUPPLEMENT TO ITS OPPOSITION TO CHARGING PARTY JANET STEGE'S MOTION TO INTERVENE**<br><br>Date:　　　　April 1, 2008<br>Time:　　　　1:00 p.m.<br>Courtroom:　3<br>Judge:　　　The Hon. Saundra B. Armstrong |

## I.　INTRODUCTION

This supplemental brief is filed pursuant to the Stipulation to Continue Hearing Date filed on February 15, 2008 and the Order Continuing Hearing Date signed on February 19, 2008. (*See* Declaration of Margaret Hart Edwards ("Edwards Decl.") ¶ 4). Defendant agreed to stipulate to a continuance of the hearing date, and Charging Party Janet Stege agreed to allow Defendant to supplement the record with documents reflecting the EEOC's correspondence with Charging Party Janet Stege regarding the EEOC's determination, on or around June 9, 2005, that efforts to conciliate with Ms. Stege's employer had been unsuccessful. (*See* Edwards Decl. ¶¶ 3-4). Defendant hereby supplements the record with a June 9, 2005 letter from the EEOC to Stege, informing Stege of the end of the conciliation process. (*See* Edwards Decl., Exh. A (EEOC 0286)).

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S SUPPLEMENT TO ITS OPPOSITION TO MOTION TO INTERVENE　　　1.　　　Case No. C 07 3944 SBA

## II. DISCUSSION

As discussed in Defendant's Opposition to Stege's Motion to Intervene, filed February 12, 2008, the EEOC was required to provide to Stege the notification contained in Exhibit A, pursuant to 42 U.S.C. § 2000e-5(f)(1), which provides, in relevant part: "if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section <u>or</u> ... has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... <u>shall</u> so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved[.]" (emphasis supplied).

### A. The June 9, 2005 Letter To Stege Further Demonstrates That Her FEHA Claims Are Barred By The Applicable Statute Of Limitations.

Accordingly, on June 9, 2005, the EEOC informed Stege that "efforts to conciliate the above-referenced case have been unsuccessful." (Edwards Decl., Exh A). The letter correctly informs Stege that she may intervene as of right in an action subsequently brought by the EEOC. (*Id.*) But the EEOC did not claim — nor could it have claimed, under the law — that Stege's state law claims under the Fair Employment and Housing Act ("FEHA") would be tolled indefinitely <u>after</u> the end of conciliation. (*See id.*) Thus, Stege was not mislead by the EEOC into believing her state law claims would be indefinitely tolled.

Because the EEOC had completed the investigation, determination, and conciliation processes <u>and</u> had informed Stege of the same by June 9, 2005, Stege had only until June 9, 2006 (one year later), to file a lawsuit alleging FEHA claims. The FEHA statute of limitations ("SOL") was tolled only until June 9, 2005. *See Downs v. Department of Water & Power*, 58 Cal. App. 4th 1093, 1102-03 (1997) (FEHA SOL tolled during EEOC's determination and investigation process); *Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1325-26 (9th Cir. 1987) (FEHA claims may be tolled during "the EEOC's processing of [] claims" in order to allow the EEOC "to give notice to employers charged with a violation and to undertake efforts at conciliation"); *EEOC v. Firestone Tire and Rubber Co.*, 626 F.Supp. 90, 94 (M.D.Ga., 1985) (EEOC's investigative "process" ends when the EEOC abandons conciliation efforts).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S SUPP. TO OPP. TO CHARGING
PARTY'S MOTION TO INTERVENE

2.

**B. The June 9, 2005 Letter To Stege Further Demonstrates That Both The EEOC's Lawsuit And Stege's Lawsuit Are Barred By Laches.**

The letter further informs Stege, correctly, that a decision as to whether the EEOC would file suit "should be forthcoming in the near future." (*See* Edwards Decl., Exh. A). However, there was no lawsuit in the near future — the EEOC delayed 26 more months before it filed suit. Whether this delay after the end of conciliation was caused by administrative viscosity or neglect is of no moment: the EEOC's claims are barred by laches. *See EEOC v. Alioto Fish Company, Ltd.*, 623 F.2d 86, 88-89 (9th Cir. 1980) (unreasonable delay where the EEOC filed suit 20 months after end of the conciliation process; EEOC's workload is no excuse for delay).

Moreover, the June 9, 2005 letter demonstrates that Stege had been told, eight months <u>before</u> she entered into reasonable accommodation discussions with Georgia-Pacific in February 2006: (1) that the conciliation process had ended; and (2) to expect the EEOC to file suit, if at all, in the "near future." (*See* discussion of February 2006 reasonable accommodation in Defendant's Opposition, filed February 12, 2008). Notwithstanding the foregoing, Stege entered into and completed the February 2006 reasonable accommodation discussions without mentioning even the possibility of bringing her own lawsuit. Defendant believed that it had negotiated a reasonable accommodation that was acceptable to both Stege and the Union — a belief that was amply justified by the signatures on the letter agreement. If Defendant had known that Stege still claimed that the only reasonable accommodation was one which allowed her a strict 40-hour per week schedule, there would have been a different accommodation discussion. In other words, Defendant took different actions because of the EEOC's and Stege's unreasonable delay in filing suit. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001).

**III. CONCLUSION**

For the foregoing reasons and all of the reasons discussed in Defendant's Opposition filed February 12, 2008: (1) Stege's Motion should be denied because it is barred by laches; and (2) even if her Motion is not barred by laches, Stege's FEHA claims are barred by the applicable SOL, which expired, at the latest, one year after the EEOC's conciliation efforts became "futile" — June 9, 2006.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S SUPP. TO OPP. TO CHARGING
PARTY'S MOTION TO INTERVENE                3.

1    In any case, Stege's Motion should be denied insofar as it seeks to add Georgia-Pacific Holdings, LLC ("Holdings") as a defendant, because Stege has no facts to suggest that Georgia-Pacific Corrugated, LLC ("Corrugated") and Holdings are a "single employer" or that Holdings is an "alter ego" of Corrugated.  Further, we note that the caption now reflects the fact that Corrugated is the only defendant in this case, as the EEOC filed its amended Complaint on February 27, 2008.

Dated: March 11, 2008    Respectfully submitted,

/s/ Margaret Hart Edwards
Margaret Hart Edwards
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
GEORGIA-PACIFIC CORRUGATED LLC

Firmwide:84314928.1 053676.1002

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S SUPP. TO OPP. TO CHARGING
PARTY'S MOTION TO INTERVENE              4.