KATHRYN BURKETT DICKSON, State Bar No. 70636
DICKSON - ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Phone: 510-268-1999
Fax: 510-268-3627
E-mail: kbdickson@dicksonross.com

Attorneys for Plaintiff/Intervenor
JANET STEGE

# UNTIED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff<br><br>v.<br><br>GEORGIA-PACIFIC CORRUGATED, LLC,<br><br>    Defendant. | CIVIL ACTION NO. C-07-3944 (SBA)<br><br>**[REVISED PROPOSED] ORDER GRANTING THE MOTION OF JANET STEGE FOR LEAVE TO INTERVENE**<br><br>Date:    April 1, 2008<br>Time:    1:00 p.m.<br>Courtroom:    3, 3rd Fl. (Oakland)<br>Judge:    Hon. Saundra B. Armstrong |

    Proposed Plaintiff/Intervenor Janet Stege requests the Court to grant her motion to intervene in this action, and allow her to file the Complaint in Intervention for Disability Discrimination and Failure to Accommodate that is attached as Exhibit A to the Supplemental Declaration of Kathryn Burkett Dickson in Support of Motion of Janet Stege for Leave to Intervene.

    The Court has reviewed the papers filed by the EEOC, Georgia Pacific, and Ms. Stege concerning the motion for leave to intervene; has considered all of the arguments of the parties; and rules as follows.

**Background**. On August 1, 2007, the Equal Employment Opportunity Commission ("EEOC") filed its Complaint in this matter alleging disability discrimination and failure to accommodate under the federal Americans with Disabilities Act. On October 31, 2007, the EEOC and

Georgia-Pacific filed their initial joint case management statement, in which the parties acknowledged that Ms. Stege intended to seek advice of private counsel regarding intervention. Ms. Stege met with private counsel on December 28, 2007, and the motion to intervene was filed on her behalf by private counsel on January 10, 2008. Ms. Stege seeks to intervene with regard to the federal Americans with Disabilities Act ("ADA") claims and to pursue parallel disability discrimination and failure to accommodate claims under the California Fair Employment and Housing Act ("FEHA").

The EEOC has filed a statement of non-opposition to Ms. Stege's intervention motion. Georgia-Pacific has opposed the intervention motion, acknowledging Ms. Stege's right to intervene on the federal claims, but arguing that the statute of limitations was not met with regard to the FEHA claims. In addition, Georgia-Pacific contends the claims are barred by laches.

Finally, Georgia-Pacific's opposition argues that the only proper Defendant and only employer of Ms. Stege during the relevant period is Georgia-Pacific Corrugated, LLC. The EEOC has filed an Amended Complaint naming this entity as the only Defendant. Based upon Georgia-Pacific's representations in its opposition brief and accompanying declarations, and the EEOC's decision to amend its Complaint to name only Georgia-Pacific Corrugated, LLC as a Defendant, Ms. Stege has agreed to revise her proposed Complaint in Intervention to name only Georgia-Pacific Corrugated, LLC as a Defendant as well.

**Legal Standard:** Ms. Stege has a statutory right to intervene with regard to the federal claims pursuant to Federal Rule of Civil Procedure, Rule 24(a) and 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(1). The Court has pendent jurisdiction over Ms. Stege's parallel FEHA claims for disability discrimination and failure to accommodate, which arise from the same facts and are parallel to the federal ADA claims. Ms. Stege's intervention motion is timely with regard to the federal ADA claims if it is filed early in the lawsuit or within a reasonable period of time after the EEOC has filed suit. The statute of limitations on Ms. Stege's pendent state law FEHA claims is tolled until the EEOC has issued a right to sue notice. Cal. Gov't

1  Code §12965(d)(1)-(2); *Downs v. L.A. Dep't of Water & Power,* 58 Cal.App.4th 1093, 1102
2  (Cal.App. 1997).  Laches is applicable if Defendant can establish that there is significant delay
3  which has unduly prejudiced Defendant.

4  **Analysis:**  Ms. Stege has a statutory right to intervene with regard to the federal claims, as
5  noted above.  The state claims are timely filed in that the EEOC did not issue a right to sue
6  notice to Ms. Stege, but rather, determined to bring an action based upon her charge of
7  discrimination.  The statute of limitations therefore was tolled on Ms. Stege's state law claims,
8  and she asserted them within a reasonable period of time after the EEOC filed this action.
9  Defendant erroneously contends that any tolling of the state claims expired upon the failure of
10 conciliation, on June 9, 2005; but, that position is inconsistent with both federal and state law
11 which make clear that state law claims are tolled until the 90-day period has expired following
12 the issuance of a federal Notice of Right to Sue.  Cal. Gov't Code §12965(d)(1)-(2); *Downs v.*
13 *L.A. Dep't of Water & Power,* 58 Cal.App.4th 1093, 1102 (Cal.App. 1997); *Scholar v. Pacific*
14 *Bell,* 963 F.2d 264, 266 (9th Cir. 1992); *Missirlian v. Huntington Mem'l Hosp.,* 662 F.2d 546,
15 549 (9th Cir. 1981); *Payan v. Aramark Mgmt. Servs. Limited Partnership,* 495 F.3d 1119, 1122
16 (9th Cir. 2007).

17      There is no specific statute of limitations for the EEOC to file suit.  *EEOC v. Occidental*
18 *Life Ins. Co.,* 432 U.S. 355 (1977).

19      The company has not established that laches should be applied to bar Ms. Stege's
20 claims.  The company has been on continuous notice of Ms. Stege's (and the EEOC's) claims
21 of disability discrimination and failure to accommodate with regard to overtime work, since the
22 issue arose in April 2004.  The company has had an opportunity to investigate, and interview,
23 and obtain witness statements, and to obtain and preserve relevant documents.  The passage of
24 time has not been sufficient to unduly prejudice the company's preparation or presentation of its
25 defense in this matter.

26      Ms. Stege's intervention will not serve to delay the resolution of this action in that Ms.
27 Stege and her counsel have agreed to abide by the trial and pre-trial preparation schedule set
28

[Revised Proposed] Order Granting the Motion of Janet Stege for Leave to Intervene
Civil Action No. C-07-3944 (SBA)                                                      3

forth by the Court; Ms. Stege's depositon has been set; and the Court ordered mediation has been cooperatively set by all parties and the mediator to occur in approximately one month, on April 24, 2008. Ms. Stege's request to intervene was filed at a relatively early stage of the litigation before any depositions had begun; before any motions had been filed; and early in the document exchange and other written discovery process. Because Ms. Stege and her counsel have every incentive to ensure that the litigation proceeds expeditiously, her intervention may assist in ensuring that the case is resolved in a timely manner.

**Conclusion:** Based upon the foregoing, the Court concludes that the motion to intervene should be granted as to the ADA claims and that Ms. Stege should be permitted to bring her parallel, pendent state claims under FEHA. The Court hereby orders that Ms. Stege shall be permitted to file the revised, proposed Complaint in Intervention for Disability Discrimination and Failure to Accommodate, which is attached to the Supplemental Declaration of Kathryn Burkett Dickson in Support of Motion of Janet Stege for Leave to Intervene. Such filing shall occur within five days of this Order.

**IT IS SO ORDERED.**

Dated: _____           _____
                                                Saundra Brown Armstrong
                                         UNITED STATES DISTRICT COURT JUDGE