KATHRYN BURKETT DICKSON, State Bar No. 70636
DICKSON - ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Phone: 510-268-1999
Fax: 510-268-3627
E-mail: kbdickson@dicksonross.com

Attorneys for Plaintiff/Intervenor
JANET STEGE

# UNTIED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff<br><br>v.<br><br>GEORGIA-PACIFIC CORRUGATED, LLC,<br><br>    Defendant. | CIVIL ACTION NO. C-07-3944 (SBA)<br><br>SUPPLEMENTAL DECLARATION OF KATHRYN BURKETT DICKSON IN SUPPORT OF MOTION OF JANET STEGE FOR LEAVE TO INTERVENE<br><br>Date:      April 1, 2008<br>Time:     1:00 p.m.<br>Courtroom: 3, 3rd Fl. (Oakland)<br>Judge:    Hon. Saundra B. Armstrong |

I, Kathryn Burkett Dickson, declare as follows:

1.    I am an attorney licensed to practice in the State of California and before this Court. I submit this Supplemental Declaration in Support of the Motion of Janet Stege for Leave to Intervene in the above case. I have personal knowledge of the facts set forth in this declaration and am competent to testify to them.

2.    In conjunction with the filing of Ms. Stege's motion to intervene, Plaintiff submitted a proposed Complaint in Intervention, which was attached to my original declaration in support of the motion. In its opposition to the intervention motion, Defendant argues that the only proper Defendant, and the only Defendant who employed Ms. Stege, was Georgia-Pacific Corrugated, LLC, and that Georgia-Pacific Holdings, LLC did not employ her and is not a proper Defendant in this action. Def. Opp. at 15-21 & accompanying declarations.

3.   Since the filing of the motion to intervene, Georgia-Pacific and the EEOC have entered into a stipulation and the Court has issued an Order permitting the EEOC to file an Amended Complaint naming Georgia-Pacific Corrugated LLC as the Defendant in this action.

4.   Based upon Georgia-Pacific's representations in its opposition, as well as the EEOC's and Georgia-Pacific's stipulation and the Court Order regarding the Amended Complaint, which names only Georgia-Pacific Corrugated, LLC as Defendant, Plaintiff agrees to name as Defendant only Georgia-Pacific Corrugated, LLC in her proposed Complaint in Intervention.

4.   Attached to this Declaration as Exhibit A is a true and correct copy of the revised Complaint in Intervention that Ms. Stege requests permission to file.

5.   Since the filing of the motion to intervene, the parties have scheduled Ms. Stege's deposition for early April and have conducted a pre-mediation conference call with the Court-appointed mediator, Jamie Dupree.  The Court-ordered mediation in this matter is set for April 24, 2008.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  This Declaration was signed in Oakland, California on March 18, 2008.

　　　　　　　　　　　　　　　　　　　*/s/ Kathryn Burkett Dickson*
　　　　　　　　　　　　　　　　　　　Kathryn Burkett Dickson

Declaration of Kathryn Burkett Dickson in Support of Motion of Janet Stege for Leave to Intervene
Civil Action No. C-07-3944 (SBA)    2

**Exhibit A**

KATHRYN BURKETT DICKSON, State Bar No. 70636
DICKSON - ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Phone: 510-268-1999
Fax: 510-268-3627
E-mail: kbdickson@dicksonross.com

Attorneys for Plaintiff/Intervenor
JANET STEGE

# UNTIED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff<br><br>JANET STEGE,<br><br>    Plaintiff/Intervenor<br><br>    v.<br><br>GEORGIA-PACIFIC CORRUGATED, LLC,<br><br>    Defendant.<br>_____ | CIVIL ACTION NO. C-07-3944 (SBA)<br><br>**COMPLAINT IN INTERVENTION FOR DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date:         April 1, 2008<br>Time:        1:00 p.m.<br>Courtroom:  3, 3rd Fl. (Oakland)<br>Judge:      Hon. Saundra B. Armstrong |

    Plaintiff/Intervenor Janet Stege complains and alleges as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction to hear this action pursuant to 28 U.S.C. section 1331 because this action arises under the law of the United States, including 42 U.S.C. §§ 12112, 2117 and 42 U.S.C. §2000e-5(f)(1).  Plaintiff/Intervenor Janet Stege ("Ms. Stege") has the right to intervene in this action pursuant to 42 U.S.C. §2000e-5(f)(1).

    2.    The claims involved in this action arose in the Northern District of California, in that the events described herein occurred in this judicial district.  Plaintiff/Intervenor is

---

Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                              1

informed and believes that Defendant Georgia-Pacific Corrugated, LLC owns and operates facilities within this District in which Ms. Stege has been employed.

3. This Court has pendent and supplemental jurisdiction over Plaintiff/Intervenor's claims brought pursuant to the California Fair Employment and Housing Act ("FEHA") pursuant to 28 U.S.C. § 1367. Compensatory and punitive damages, attorneys' fees and costs, as well as injunctive and equitable relief are sought pursuant to both the federal ADA and the California FEHA provisions providing for such remedies.

## INTRADISTRICT ASSIGNMENT

4. This action is appropriate for assignment to San Francisco/Oakland because the unlawful employment practices alleged were and are being committed in San Mateo and/or Alameda Counties, and the relevant facilities owned and operated by Defendant are located in those two Counties, which are within the San Francisco/Oakland District.

## PARTIES

5. Plaintiff/Intervenor Janet Stege is a natural person who resides within this judicial district.

6. Plaintiff/Intervenor Janet Stege is informed and believes and thereon alleges that Defendant Georgia-Pacific Corrugated LLC is a corporation authorized to do business and was or is doing business in the State of California, Counties of San Mateo and/or Alameda, and has continuously employed at least 15 persons.

7. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act.

8. At all relevant times, Defendant has been an employer covered by the ADA, 42 U.S.C. 12111(2) & (5) and FEHA, Cal. Gov't Code §12926(d) and 12940.

## FACTUAL ALLEGATIONS

9. Plaintiff/Intervenor Stege has worked for Georgia-Pacific for nearly twenty

Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                                                                     2

years. She is currently employed in Georgia Pacific's San Leandro, California plant.

10. Starting in approximately 1998, while working at the company's South San Francisco plant, Ms. Stege required a work schedule accommodation because of her diagnosed medical condition of fibromyalgia, a permanent medical condition that causes deep muscle pain, severe headaches, and fatigue. Fibromyalgia is a disability covered by both federal and state law in that it substantially limits one or more major life activities.

11. The accommodations which involved no assignment to the night shift, no more than 40 hours of work per week, and two consecutive days off per week, were necessary and were based on Ms. Stege's doctor's recommendation, because they allowed Ms. Stege to rest her muscles and recover before returning to work. Without sufficient rest, Ms. Stege's muscle pain and fatigue become exacerbated. These accommodations were provided until early 2004.

12. In April 2004, Ms. Stege was transferred to the company's San Leandro facility. She was informed at about that time that the company would no longer make any accommodation to her work schedule. Ms. Stege protested the company's refusal to provide her continuing accommodations.

13. Ms. Stege has attempted to work under the conditions imposed by her employer and the extra work has exacerbated her condition, creating additional physical and emotional suffering, and necessitating additional time off work.

14. Ms. Stege is able to perform the essential functions of her job with reasonable accommodation. Since April 2004, Defendant has refused and is continuing to refuse to provide her with the reasonable accommodation of not requiring overtime and the other accommodations described above in paragraph 11.

15. Ms. Stege has suffered physically, emotionally, and financially as a result of Defendant's discrimination against and failure to accommodate her.

16. Defendant's actions in discriminating against Ms. Stege and in failing to accommodate her were done intentionally, with malice, and in reckless and/or conscious disregard of Ms. Stege's federally and state protected rights.

17. Within the time allowed by law, Ms. Stege filed a charge of discrimination with the EEOC. The charges were also filed with the DFEH pursuant to a work-sharing agreement between the state and federal agencies. Ms. Stege received a right to sue from the DFEH which was tolled pending the EEOC's investigation, efforts at conciliation, and during the pendency of this action which was timely filed by the EEOC. Thus, all conditions precedent to the filing of this action have been fulfilled.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Americans with Disabilities Act)**

18. The preceding allegations are re-alleged and incorporated here by reference.

19. Defendant engaged in unlawful employment practices in violation of provisions of the ADA, 42 U.S.C. §§ 12112(a) & (b)(5)(A) by discriminating against Ms. Stege and failing to provide her with reasonable accommodation for her disability, fibromyalgia.

20. In engaging in the conduct described above, Defendant has deprived Ms. Stege of equal employment opportunities and has otherwise adversely affected her status as an employee because of her disability.

21. Defendant engaged in the conduct described above intentionally, with malice, and in reckless and/or conscious disregard of Ms. Stege's federally protected rights.

22. Wherefore, Ms. Stege seeks the relief listed below.

**SECOND CLAIM FOR RELIEF**

**(Violation of the California Fair Employment and Housing Act)**

23. The preceding allegations are re-alleged and incorporated here by reference.

24. Defendant engaged in unlawful employment practices in violation of provisions of the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12926 & 12940, by discriminating against Ms. Stege, failing to provide her with reasonable accommodation for her disability, fibromyalgia, and failing to take all steps reasonably necessary to prevent disability discrimination from occurring.

25. In engaging in the conduct described above, Defendant has deprived Ms. Stege

of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

26. Defendant engaged in the conduct described above intentionally, with malice, and in conscious disregard of Ms. Stege's protected rights under state law.

27. Wherefore, Ms. Stege seeks the relief listed below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Intervenor Janet Stege prays for judgment in her favor and against Defendant as follows:

1. For compensatory damages, including loss of wages and benefits, according to proof;

2. For mental and emotional distress, according to proof;

3. For punitive and exemplary damages in an amount sufficient to punish and deter Defendant, according to proof;

4. For an award of interest, including prejudgment interest at the legal rate;

5. For injunctive and equitable relief enjoining Defendant from violating Plaintiff/Intervenor's rights to work free of disability discrimination and requiring Defendant to provide reasonable accommodation as required by law;

6. For injunctive and equitable relief requiring Defendant to establish and implement policies, training, and procedures to ensure that Defendant's managers, supervisors and other relevant employees fulfill their legal obligations to ensure that discrimination against employees with disabilities does not occur and to ensure that such employees are provided the reasonable accommodations with the law mandates.

7. For an award of attorneys' fees and costs as provided by 42 U.S.C. section 2000e-5(k) and California Government Code section 12965.

///

///

///

Complaint in Intervention For Disability Discrimination and Failure to Accommodate
Civil Action No. C-07-3944 (SBA)                                                                 5

8. For such other and further relief as the Court deems just and proper.

Dated: March 18, 2008                                         *DICKSON - ROSS LLP*

                                              By:     /S/ Kathryn Burkett Dickson
                                                      Kathryn Burkett Dickson
                                                      Attorneys for Plaintiff/Intervenor
                                                      JANET STEGE

## DEMAND FOR JURY TRIAL

Plaintiff/Intervenor Janet Stege hereby demands a jury trial on her federal and state claims as authorized by law.

Dated: March 18, 2008                                         *DICKSON - ROSS LLP*

                                              By:     /S/ Kathryn Burkett Dickson
                                                      Kathryn Burkett Dickson
                                                      Attorneys for Plaintiff/Intervenor
                                                      JANET STEGE