**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,

Plaintiffs,

v.

GEORGIA-PACIFIC CORRUGATED LLC,

Defendant.

No. C 07-03944 SBA

**ORDER**

[Docket No. 19]

## REQUEST BEFORE THE COURT

Before the Court is intervenor Janet Stege's Motion to Intervene (the "Motion") under Federal Rule of Civil Procedure 24(a). [Docket No. 19.] Stege seeks to intervene as a matter of right, under 42 U.S.C. § 2000-e5(f), as a charging party, in this suit filed by the Equal Employment Opportunity Commission (the "EEOC") against her employer, Georgia-Pacific Corrugated, LLC ("GPC"),[1] for allegedly failing to accommodate her fibromyalgia, in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq*. The Court finds this matter appropriate for resolution without a hearing, under Fed. R. Civ. P. 78(b). As discussed below, the Court GRANTS Stege's Motion, because she filed about five months after the EEOC sued, when no significant discovery or proceedings of substance on the merits had occurred, and because her intervention will not prejudice GPC.

## BACKGROUND

Stege has worked for Georgia-Pacific entities for nearly twenty years, and is currently employed by GPC in its San Leandro, California plant. Compl. ¶ 9. Starting in 1998, while working at Georgia-Pacific Corporation's South San Francisco plant, she required a work schedule accommodation because of a diagnosed medical condition of fibromyalgia, a permanent medical

[1] *See supra* notes 3 and 8 regarding the defendants' names.

condition that causes deep muscle pain, severe headaches, and fatigue. *Id.* ¶ 10. Fibromyalgia is a disability covered by federal and state law, as it substantially limits one or more major life activities. *Id.*

To accommodate Stege, Georgia-Pacific Corporation ("GP Corp.") kept her off the night shift, limited her to 40 hours per week, and gave her two consecutive days off per week. *Id.* ¶ 11. These accommodations were necessary and based on Stege's doctor's recommendation, as they allowed her to rest her muscles and recover before returning to work. *Id.* Without sufficient rest, her muscle pain and fatigue would be exacerbated. *Id.* GP Corp. provided these accommodations until early 2004. *Id.*

In April 2004, GP Corp. transferred Stege to its San Leandro plant.[2] *Id.* ¶ 12. GP Corp. told her about that time that it would no longer accommodate her fibromyalgia. Stege protested GP Corp. stopping her accommodations. *Id.* Although Stege attempted to work without accommodations, the extra work exacerbated her fibromyalgia, causing additional physical and emotional suffering, financial expenditures, and necessitating additional time off from work. *Id.* ¶¶ 13, 15.

On November 24, 2004, Stege filed a disability discrimination claim with the EEOC on the grounds GP Corp. had failed to provide her with a reasonable accommodation. Docket No. 27, Ex. "A" at 1 (EEOC Charge of Discrimination). The EEOC investigated and by March 2005, determined there was reasonable cause to believe GP Corp. had discriminated against Stege. Docket No. 28, Ex. "A" at 1 para. 1 (Letter of 3/24/2005 from EEOC to GP Corp.). In June 2005, the EEOC determined it had been unsuccessful in securing an agreement to provide relief for Stege, and referred the matter to its litigation attorneys. Docket No. 28, Ex. "B" (Letter of 6/9/2005 from EEOC to GP Corp.).

///

///

---

[2] This plant was owned and operated by GP Corp., until it was transferred to GPC on or about December 31, 2006. Docket No. 30 ¶ 2 (Decl. of Stephanie Box in Supp. of Def.'s Opp'n ("Box Decl.")).

///

On August 1, 2007, the EEOC sued Georgia-Pacific LLC[3] ("GP LLC") for violating 42 U.S.C. § 12112(a)[4] and (b)(5)(A)[5] of the ADA, for failing to reasonably accommodate Stege's fibromyalgia. *See* Docket No. 1 at 1, ¶ 9. GP LLC answered on October 1, 2007. *See* Docket No. 12. In its answer, GP LLC alleged it was not Stege's employer. Answer at 3:19. On October 31, 2007, the parties filed a Joint Case Management Statement, which stated, in part:

> Stege is presently seeking legal counsel as to whether she will move to intervene into the lawsuit with parallel California state claims. Defendant will oppose any such motion as untimely and asserts that any claims under California law are barred by the applicable statutes of limitation, and by laches.

Docket No. 15 ¶ 4.

On October 30, 2007, the EEOC and GP LLC agreed to try to mediate within 90 days. *See* Docket No. 14. On November 30, 2007 the Court set a discovery cut-off for September 2, 2008, a motion cut-off for October 21, 2008, and a jury trial for December 8, 2008. *See* Docket No. 17.

Stege first met with an attorney on December 28, 2007. Docket No. 20 ¶ 3 (Decl. of Kathryn Burkett Dickson in Supp. of Mot. ("Dickson Decl.")). The attorney then reviewed the underlying materials in this matter, and again met with Stege that same week. *Id.* Stege then retained the attorney on January 7, 2008. *Id.* The following morning, January 8, 2008, the attorney contacted GP LLC's attorneys to inform them she would be filing a motion to intervene and would appear at

---

[3] On or about December 31, 2006, GP Corp. converted to a limited liability company called Georgia-Pacific LLC ("GP LLC"). Box Decl. ¶ 2. According to GP LLC, an entity called Georgia-Pacific Holdings, LLC ("GPH"), is the sole indirect equity holder in GPC and "other subsidiaries." *Id.* ¶ 3. GPH is a holding company and has no employees. *Id.* GP LLC does not explain the relationship between itself and GPH.

[4] This subdivision states, in part, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

[5] This subdivision states, in part, the term "discriminate" includes, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee ...." 42 U.S.C. § 12112(b), (b)(5)(A).

Stege's pending deposition. *Id.* ¶ 4. GP LLC's attorneys said they would continue the deposition until after the Court ruled on the motion. *Id.* ¶ 5.

Stege filed her Motion two days later, on January 10, 2008. *See* Mot. at 1. In it, Stege indicated no depositions had been taken, no other motions had been filed, and no mediation had occurred. Dickson Decl. ¶ 8. She also indicated the EEOC and GP LLC had exchanged initial disclosures, and the EEOC had responded to one set of interrogatories and one set of requests for production of documents. *Id.* And, she indicated she would abide by the Court's existing pre-trial schedule. *Id.* ¶ 9. To her Motion, she attached a proposed complaint, suing GPC and GPH,[6] and alleging they had violated the ADA and the California Fair Employment and Housing Act (the "FEHA"), California Government Code section 12900, *et seq.*, by failing to accommodate her fibromyalgia. *See* Dickson Decl., Ex. "A."

On January 15, 2008, the EEOC and GP LLC filed a stipulated proposed order to continue their mediation deadline to April 25, 2008. *See* Docket No. 23. On January 18, 2008, the EEOC filed a statement of non-opposition to the Motion. *See* Docket No. 24. On January 25, 2008, the EEOC and GP LLC filed a stipulated proposed order that the EEOC could file a first amended complaint naming GPC as Stege's employer, rather than GP LLC, *see* Docket No. 25, which the Court granted on February 25, 2008, *see* Docket No. 36. On this same day, the Court agreed to continue the mediation deadline to April 25, 2008. *See* Docket No. 34. The EEOC filed its amended complaint on February 28, 2008.[7] *See* Docket No. 38.

On February 12, 2008, GP LLC filed an Opposition to Charging Party Janet Stege's Motion (the "Opposition"). *See* Docket No. 26. In it, GP LLC asserted the Motion was untimely, Stege's FEHA statute of limitations had run, laches barred the EEOC and Stege from suing, and GPH was not Stege's employer. *Id.* at 1.

In reply, on March 18, 2008, Stege argued her Motion was timely, her FEHA statute of limitations had not run, and GP LLC's laches arguments directed at the EEOC's conduct were

---

[6] *See supra* discussion in note 3.

[7] Despite the change in named defendants, the counsel has not changed, as GP LLC's counsel is representing GPC.

irrelevant for determining whether her motion was timely. *See* Docket No. 41 at 1-2 (Reply Mem. of P & A in Supp. of the Mot. (the "Reply")). Also, she agreed not to sue GPH, and attached to her Reply, a complaint naming only GPC.[8] *See* Docket No. 42, ¶¶ 2-4 (Supplemental Decl. of Kathryn Burkett Dickson in Supp. of Mot. ("Supp. Dickson Decl.")); *see id.*, Ex. "A" at 1 (Compl. in Intervention for Disability Discrimination and Failure to Accommodate). Lastly, Stege advised the Court, after she filed her Motion, the parties set her deposition for early April and conducted a pre-mediation teleconference with the mediator. Supp. Dickson Decl. ¶ 5.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 states, in part:

> (a) *Intervention of Right.* On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute;
>
> ....
>
> (c) *Notice and Pleading Required.* A motion to intervene must ... be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24.

> Intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand.

*U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) (citing *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir.1991)).

---

[8] When Stege filed her Motion, the only defendant in this matter was GP LLC. GP LLC then filed its Opposition. *See* Opp'n at 1. The Court then substituted GPC for GP LLC. *See* Docket No. 36. The defense counsel, however, did not change. In her Motion and her Reply, Stege has clearly stated she wishes to proceed against GPC, rather than GP LLC. *See* Compl. at 1; Supp. Dickson Decl., Ex. "A" at 1. Were the Court to grant the Motion, Stege would proceed against GPC. Thus, the Court treats the Opposition as essentially filed by GPC, and not GP LLC. As such, to avoid confusion, the Court refers to the party opposing Stege's Motion, in the Analysis section *infra*, as "GPC" as opposed to "GP LLC."

Its purpose is "to prevent the multiplicity of suits where common questions of law or fact are involved'...." *Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964) (quoting *Fusae Yamamoto v. Dulles*, 16 F.R.D. 195, 198 (D. Hawaii 1959)). And, its application turns on the facts and circumstances of each case. *Pitney Bowes*, 25 F.3d at 69.

"In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citing *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

A motion to intervene as a matter of right, under rule 24(a), must be "timely." Fed. R. Civ. P. 24(a); *NAACP v. New York*, 413 U.S. 345, 363 (1973). "Timeliness is a flexible concept; its determination is left to the district court's discretion." *Alisal Water*, 370 F.3d at 921. Where intervention is sought as a matter of right, "the timeliness requirement ... should be treated more leniently than for permissive intervention because of the likelihood of more serious harm." *U.S. v. State of Or.*, 745 F.2d 550 (9th Cir. 1984).

"Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.' " *Id.* (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)).

> The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention where no one would be hurt and greater justice could be attained.

*Ozee v. Am. Council on Gift Annuities, Inc.*, 110 F.3d 1082, 1095 (5th Cir. 1997) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1205 (5th Cir. 1996) (en banc)) (citations and internal quotations omitted), *vacated on other grounds by Am. Council on Gift Annuities v. Richie*, 522 U.S. 1011 (1997).

Procedurally, a "party seeking to intervene bears the burden of showing that all the requirements for intervention have been met." *Alisal Water*, 370 F.3d at 919 (citing *City of Los*

*Angeles*, 288 F.3d at 397). In ruling on their motion, a "court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Sw. Center for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). As a result, an application for intervention cannot be resolved by reference to the ultimate merits of the claim an intervenor seeks to assert, unless the allegations are frivolous on their face. *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001); *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999).

Lastly, although Rule 24(c) mandates a party attach a pleading to their motion, setting forth the grounds upon which intervention is sought, this is a technical requirement, not a jurisdictional one. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473-74 (9th Cir. 1992). Thus, a party need only generally indicate their grounds for intervention in their motion or otherwise. *Id.* (noting even one sentence has been held sufficient).

**ANALYSIS**

As discussed below, the Court should find Stege's Motion timely filed, where she filed about five months after the EEOC sued GPC, where no significant discovery or proceedings of substance on the merits have occurred, and where her intervention will not prejudice GPC.

**I. Stege has an unconditional right to intervene under the ADA.**

Stege argues that the Court must allow her to intervene if her Motion is timely. Mot. at 3:3-12. Stege seeks to sue GPC under the ADA, 42 U.S.C. § 12101 *et seq*. A person alleging discrimination under the ADA, may look to the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of" title 42. 42 U.S.C. § 12117(a). Under 42 U.S.C. § 2000e-5(f), a person who files a claim with the EEOC "*shall* have the right to intervene in a civil action brought by the" EEOC. *See EEOC v. Westinghouse Elec. Corp.*, 675 F.2d 164, 165 (8th Cir. 1982) (emphasis added). Under Rule 24(a), "[o]n timely motion, the court *must* permit anyone to intervene who ... is given an unconditional right to intervene by a federal statute[.]" Fed. R. Civ. P. 24(a) (emphasis added). Stege thus concludes, if her Motion is timely, then the Court must allow her to intervene.

The Court agrees with Stege's conclusion, which GPC appears to concede, Opp'n at 9:14, that she has an unconditional right to intervene under 42 U.S.C. § 12117(a). Therefore, under

Rule 24(a), the Court must determine if her Motion is timely. The Court next turns to this analysis.

///

**II. Stege's Motion was timely filed.**

**A. Stege's Motion was filed early in the proceedings.**

One of the factors a court weighs in determining whether a motion to intervene is timely, is "the stage of the proceeding at which an applicant seeks to intervene." "Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *Alisal Water,* 370 F.3d 915. "[T]he critical inquiry is: what proceedings of substance on the merits have occurred?" *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). Intervention is thus strongly disfavored where a court has substantively and substantially engaged the issues in a case. *Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999) (intervention denied 15 months into suit, and after court had ruled on motions for summary judgment, class certification, and trial bifurcation). Thus, "[i]ntervention has been denied even at the pretrial stages when 'a lot of water [has] passed under ... [the] litigation bridge.' " *Alisal Water*, 370 F.3d at 921-22 (intervention denied four years into suit, and one week before trial and hearings on partial summary judgment motions) (quoting *Smith*, 194 F.3d at 1050 (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (intervention denied 27 months into suit, after preliminary injunction had been appealed, and motions for summary judgment had been decided))).

Stege argues on the following facts that her Motion was filed relatively early in the proceedings. Mot. at 4:2-12. She filed her Motion within five months of the EEOC filing suit. *Id.* at 4:3-4. At that time, no depositions had been taken, no other motions had been filed, and no mediation had occurred. *Id.* at 4:6-7. As for the discovery that had occurred, the EEOC and GP LLC had exchanged initial disclosures, and the EEOC had responded to one set of interrogatories and one set of requests for production of documents. *Id.* at 4:4-6. She also notes in her Reply, after she filed her Motion, the parties set her deposition and held a pre-mediation teleconference. Supp. Dickson Decl. ¶ 5. Stege thus argues her Motion was filed relatively early in the proceedings.

In Opposition, GPC makes two argument. First, GPC argues Stege may not proceed under

the FEHA, because her limitations period to bring such claims ran before she filed her Motion. Opp'n at 7:27-11:10. Second, GPC argues Stege may not proceed under the ADA or the FEHA, due to laches. *Id.* at 11:12-12:26. GPC concedes, however, its laches argument turns on whether or not it has been prejudiced by Stege's delay. *Id.* at 11:12-13. Thus, the Court addresses it below, in discussing the second timeliness factor of prejudice.

Turning to GPC's first argument, that Stege's FEHA *claims* are untimely, the Court concludes this argument fails to address whether or not Stege filed her *Motion* relatively early in the proceedings. GPC argues that under California law, Stege had to bring her FEHA claims within one year of receiving a right-to-sue letter from the California Department of Employment and Housing, which limitations period would have been tolled during the EEOC's investigation. Opp'n at 7:27-8:19. GPC further argues tolling would have ceased on June 9, 2005, when the EEOC declared its conciliation efforts had been unsuccessful and it referred the matter to its litigation attorneys. *Id.* at 8:20-24. As a result, GPC argues Stege had to sue by June 9, 2006.[9] *Id.* at 1:12-13.

The Court declines GPC's invitation to analyze the merits of Stege's proposed complaint. As the Circuits have held, a motion to intervene is not properly resolved by reference to the ultimate merits of the intervenor's claims, unless the allegations are frivolous on their face. GPC does not allege Stege's arguments are frivolous on their face, nor can it, as they are not. Instead, GPC attempts to present complex legal and policy arguments, to transform a Rule 24 proceeding into one arising under Rule 12 or 56. This is inappropriate, as it would defeat Congress' intent in providing charging parties with the right to intervene, be heard, and participate in a suit.

In this case, Congress has given Stege the *unconditional* right to intervene as a charging party, if her *Motion* is timely. Thus, the *only* issue before the Court is whether or not her *Motion* was timely, not her underlying *claims*. If her Motion is timely, then she has the right to her file her complaint. GPC *then* has the right to attack it under Rule 12. Stege then has the right to amend

---

[9] GPC additionally argues Stege may not avail herself of the continuing violation doctrine. Opp'n at 10:7-11:10. GPC also advances a second theory which allegedly required Stege to bring her FEHA claims by December 1, 2005. *Id.* at 9:14-10:4. Like GPC's first theory, it has no bearing on whether or not her Motion was timely, and thus there is no need to discuss it. For her part, Stege argues her FEHA claims were timely. Reply at 3:19-6:10. The Court expresses no opinion on the merits of the parties' arguments on this issue.

once under Rule 15(a)(1)(A), or amend with the Court's leave, after it has granted a motion to dismiss, if

///

leave were so provided. Conceivably, the parties might go through two or more cycles of amendments and attacks.

If, however, the courts reviewed the merits of complaints attached to motions to intervene, then *timely* movants, lacking a right to amend, and limited to a reply instead of a fully briefed opposition, could be prematurely barred from court. While the courts could cure this defect by simply treating a Rule 24 proceeding as one arising under Rule 12 or 56, allowing amendments or examining matters beyond the pleadings, Congress has not seen fit to allow this.[10]

Turning now to the timeliness test's first factor, *the only issue before the Court is at what stage of the proceedings did Stege file her Motion*. Analyzing the parties' arguments, the Court first notes GPC only addressed issues which occurred long *before* the proceedings began. This is problematic for GPC, as Stege could not actually intervene until *after* the proceedings began. In this regard, the Court notes Stege filed five months *after* suit was filed, clearly prior to any substantial discovery processes occurred, and clearly prior to the Court substantively or substantially engaging the issues in this case. Thus, as little if any "water has passed under the litigation bridge," this first factor favors granting her Motion.

**B. Stege's delay has caused GPC no prejudice.**

The second factor a court weighs in determining whether a motion to intervene is timely, is "the prejudice to other parties." "[T]he issue of prejudice to the existing parties ... has been termed 'the most important consideration in deciding whether a motion for intervention is untimely.' " *State of Or.*, 745 F.2d 552 (quoting 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1916 at 575 (1972)). "Prejudice" in the context of a motion to intervene may exists where intervention would raise new issues, re-open decided issues, unnecessarily prolong litigation,

---

[10] In addition, GPC places too much weight on the pleading attached to a motion to intervene. As the Ninth Circuit held in *Beckman Industries*, the attached pleading requirement, under Rule 24(c) is technical, but not jurisdictional.

threaten settlement, or delay remedies. *See Alisal Water*, 370 F.3d at 922 (discussing cases). The focus, however, "is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995). Thus, where the parties' stated concerns regarding intervention would in fact be no different had the movant intervened in the past, there is no prejudice. *State of Or.*, 745 F.2 at 552.

In support of this second factor, Stege essentially raises the same facts she raised in support of the first factor of the timeliness test, that is the lack of substantial developments in the litigation prior to filing her Motion. Mot. at 3:27-4:23. In addition, however, she makes two further arguments. First, she argues GPC knew, sometime before October 31, 2007, or less than three months after the EEOC filed its complaint, that she was looking for an attorney, so she could intervene, which she did two months later. *Id.* at 4:26-5:2.

Second, she argues her FEHA claims parallel her ADA claims, which parallel the EEOC's ADA claims, all of which arise from the same set of facts. *Id.* at 2:7-13. Stege thus argues her intervention will not require GPC to revisit any past discovery. *Id.* at 2:13. Also, she notes had she intervened when the EEOC sued, GPC's conduct in this matter would have been largely the same as it was absent her intervention. *Id.* Thus, she concludes her delay in filing her motion to intervene will not prejudice GPC in defending itself.

In opposition, GPC makes three arguments. First, GPC alleges the EEOC unreasonably delayed suing for 26 months after conciliation allegedly ended. Opp'n at 12:3-17. As a result, GPC argues the EEOC's suit was barred by laches; and thus, Stege's attempt to intervene into it must also be barred by laches, as she is merely compounding the alleged prejudicial effect on GPC. Opp'n at 11:23-26. Stege replies this is not a proper basis on which to oppose her Motion, and even if it were, the EEOC's alleged conduct has nothing to with her or her Motion. Reply at 1:25-27, 2:9-12. More specifically, she argues *she could not intervene, by definition, until the EEOC sued*. *Id.* at 2:20-21.

The Court concludes Stege is correct and GPC's focus is off target. The issue before the Court, under the second factor, is whether a *movant's* delay in intervening has prejudiced existing

parties. GPC provides no decision which would allow this Court to find the *EEOC's* alleged delay

///

///

in providing Stege the opportunity to intervene, assuming it were unreasonably prejudicial to GPC, would be chargeable to Stege. The Court thus declines to conclude as such.[11]

Turning to GPC's second argument, it argues Stege unreasonably delayed intervening for 31 months after the EEOC allegedly ended the conciliation process, and thus she must be barred by laches. Opp'n at 12:17-19. Stege essentially replies with the same arguments she raised regarding GPC's allegations about the EEOC's alleged laches. The Court notes the focus under the second factor is whether the movant's delay *in intervening* has prejudiced the existing parties. As Stege correctly argues, she could not intervene *until the EEOC sued*. Thus, the Court finds irrelevant GPC's allegations regarding her alleged conduct *prior to the EEOC's suit*.[12]

Turning to GPC's third argument regarding the prejudice factor, the Court finds it is really a supporting argument for its two laches arguments. Specifically, GPC argues it has suffered prejudice due to the EEOC's and Stege's allegedly unreasonable delays. Opp'n at 13:3-15:3. That is, GPC claims because of events occurring in 2005 and 2006 involving the EEOC, Stege, and others, it will be prejudiced in defending itself in this matter, *e.g.*, employee-witnesses moved out of state, *et seq*. *Id.* In disposing of this argument, the Court simply notes to the extent any of this

---

[11] GPC argues, in *E.E.O.C. v. Firestone Tire and Rubber Co.*, 626 F.Supp. 90 (M.D. Ga. 1985), a court barred a "plaintiff-intervenor's" claims under laches, after it first barred the EEOC's claims under laches. Opp'n at 12:11-15. The Court notes Firestone filed a *motion for summary judgment* requesting dismissal under laches *and Rule 41* for failure to prosecute. *E.E.O.C.*, 626 F.Supp. at 91. A motion to intervene was not at issue. More importantly, after the individual plaintiff intervened, he did absolutely nothing for more than five years. *Id.* at 94. Stege, however, has agreed to comply with the existing pre-trial schedule. Dickson Decl. ¶ 9.

The Court also notes in order to analyze the merits of the EEOC's conduct, the Court would have to go far beyond the information contained in Stege's Motion, which analysis would be beyond the scope of this Rule 24 proceeding. *See supra* discussion in part II.A paras. 5-7.

[12] In addition, the Court notes that asserting laches against Stege, is no different than asserting her statute of limitations has run. Both inquires are beyond the scope of a rule 24 analysis. *See supra* discussion at part II.A paras. 5-7. Further, the Court notes GPC attempts to get around this issue by referring to Stege as "Plaintiff-Intervenor Stege" to try and wrap her into *Firestone*. Opp'n at 12:17-19. The problem for GPC is that, unlike the "plaintiff-intervenor" in *Firestone*, Stege is not yet a "plaintiff." For a discussion regarding *Firestone*, *see supra* note 11.

devolves on the *EEOC*, the Court has already found such evidence irrelevant for determining how *Stege's* delay in intervening would prejudice GPC. And second, to the extent any of this devolves on Stege, the

///

Court notes GPC fails to identify any conduct by her, *occurring since the EEOC sued*, which would unreasonably prejudice GPC in defending itself in this matter.

In summary, GPC fails to allege that had Stege filed to intervene earlier in this matter, this would change the concerns that GPC had regarding prejudice, at the time she did file. That is, none of the prejudice GPC alleges, arises from incidents or conduct allegedly occurring *during* Stege's five-month delay. Likewise GPC has not alleged if Stege were to intervene, then any issues would be re-opened or discovery repeated, *et seq*.[13] Thus, in considering the parties' arguments, the Court finds Stege's delay in seeking to intervene has not prejudiced GPC. And, as a result, the Court finds the second factor of the timeliness test favors granting Stege's Motion.

**C. Stege's delay, while unexplained, was relatively short.**

The third factor a court weighs in determining whether a motion to intervene is timely, is "the reason for and length of the delay." A party must intervene when he or she "knows or has reason to know that his [or her] interests might be adversely affected by the outcome of litigation." *Alisal Water*, 370 F.3d at 923 (quoting *United States v. Or.*, 745 F.2d 550, 552 (9th Cir. 1984)). "Prior cases suggest that a party's interest in a specific phase of a proceeding may support intervention at that particular stage of the lawsuit." *Id.*, 370 F.3d at 921. A mere lapse of time is not determinative, *Officers for Justice, v. Civil Serv. Comm'n of the City & County of S.F.*, 934 F.2d 1092, 1095 (9th Cir. 1991), but "any substantial lapse of time weighs heavily against intervention," *League of United Latin Am. Citizens*, 131 F.3d at 1304 (quoting *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)).

---

[13] The Court notes the only discovery matter apparently affected by Stege's Motion, is her deposition, which was initially set for a date close to when she filed, and which GPC continued when it realized she had retained counsel. *See* Dickson Decl. ¶ 5. GPC cannot, however, claim prejudice where Stege agreed to sit for the deposition as scheduled, *id.*, or if GPC rescheduled on the grounds she obtained representation.

Stege does not explain why at some point less than three months post-suit, she decided to seek counsel to intervene. She also does not explain why it took her two further months to retain counsel and file her Motion. GPC's only comment regarding this issue is that "neither Stege nor the EEOC has offered any excuse or justification for the delay" in any of their conduct. Opp'n at 12:16-20. On this third factor, the Court finds the absence of an explanation weighs against granting her Motion, but the shortness of the delay, a mere three to five months, weighs in favor of granting it. *See League of United Latin Am. Citizens*, 131 F.3d at 1300-03 (intervention denied where movant organization helped draft and sponsor a proposition giving rise to the suit, but then waited 27 months from filing, and 18 months after four other organizations intervened, before it sought intervention).

**D. Balancing the factors, Stege's Motion is timely.**

Keeping in mind the practical and equitable considerations, and that the requirements for intervention are broadly interpreted in Stege's favor, the Court finds her Motion was timely. First, Stege filed her Motion five months into the proceedings, before any substantial discovery or proceedings of substance on the merits had occurred. Second, her intervention will cause GPC no prejudice where it knew less than three months after suit, she would seek to intervene to bring ADA and FEHA claims parallel to those of the EEOC's. Third, although she failed to explain the reason for her short delay, it was relatively short. As a result, the Court finds intervention will not make this matter complex, unwieldy or prolonged, but will allow the parties and the Court to efficiently resolve all the issues related to the EEOC's existing suit. Thus, the Court finds Stege's Motion is timely under Rule 24(a).

**III. Stege may intervene and proceed against GPC**

In its Opposition, GPC raises an objection which does not fit under any of the timeliness factors analyzed above. In the complaint attached to her Motion, Stege names GPC and GPH as defendants. *See* Compl. at 1. GPC argues Stege may not intervene to proceed against GPH, as it is allegedly not her employer.[14] Opp'n at 15-21. Stege correctly argues this is not an issue GPC may

[14] GPC never explains, however, how it has the right to defend GPH's interests.

raise in opposition to a motion to intervene. Reply at 1:26-27. A court takes a Rule 24 movant's allegations as true. *Berg*, 268 F.3d at 819. As discussed *supra* in part II.A paras. 5-7, disputes on the merits are reserved until after a movant has been granted intervention. At the same time, however, there could be situations where a movant seeks to add defendants, and because they delayed in intervening and adding said defendants at an earlier time, intervention would prejudice the existing parties. GPC, however, has not raised a prejudice argument here, nor in any way connected its argument to Stege's delay in seeking to intervene. Regardless, the issue is moot as Stege has agreed to only proceed against GPC.[15] Supp. Dickson Decl. ¶¶ 2-4. The Court thus concludes Stege may intervene and proceed against GPC.

**CONCLUSION**

Accordingly:

(1) The Court GRANTS intervenor Janet Stege's Motion to Intervene under Federal Rule of Civil Procedure 24(a) [Docket No. 19];

(2) The Court deems Stege's Complaint in Intervention for Disability Discrimination and Failure to Accommodate (the "Complaint"), attached as Exhibit "A" to the Supplemental Declaration of Kathryn Burkett Dickson in Support of Motion of Janet Stege for Leave to Intervene [Docket No. 42], filed and served on all existing parties as of the date of the entry of this order;

(3) Defendant Georgia-Pacific Corrugated, LLC has 20 days from the date of the entry of this order, to file and serve an answer or other response to the Complaint; and

(4) Stege is bound by all prior orders of the Court in this matter, and those of any Magistrate Judge to whom this matter has been referred.

IT IS SO ORDERED.

April 8, 2008

Saundra B Armstrong
Saundra Brown Armstrong

---

15 As a practice matter, the Court notes GPC and GP LLC resolved a related name confusion issue with the EEOC with a simple stipulation, which Stege discusses in her Motion. Dickson Decl. ¶ 7. It is unclear to the Court why GPC spent seven pages or one-third of its Opposition arguing an issue apparently resolvable by a simple phone call.

United States District Judge