1   MARGARET HART EDWARDS, Bar No. 65699
    JOSHUA D. KIENITZ, Bar No. 244903
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
4   Telephone:    415.433.1940

5   Attorneys for Defendant
    GEORGIA-PACIFIC CORRUGATED LLC

6

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10  EQUAL EMPLOYMENT                    Case No.  C 07 3944 SBA
    OPPORTUNITY COMMISSION, *el al.*,
11                                      **DEFENDANT'S MOTION TO CHANGE**
                       Plaintiffs,      **TIME; 30-DAY EXTENSION OF TIME TO**
12                                      **COMPLETE MEDIATION**
            v.
13                                      Courtroom:  3
    GEORGIA-PACIFIC CORRUGATED          Judge:      The Hon. Saundra B. Armstrong
14  LLC,

15                     Defendant.

16

17          Pursuant to Rules 6-3 and 7-11 of the Local Rules for the United States District Court

18  for the Northern District of California, Defendant Georgia-Pacific Corrugated, LLC ("G-P"), hereby

19  moves for an Order extending the deadline for completion of mediation to May 25, 2008.   The

20  instant Motion is based on the discussion herein, all papers on file in this action, and, if the Court

21  deems a hearing on this motion to be necessary, on evidence and argument presented at that hearing.

22  **I.    INTRODUCTION**

23          G-P requests this 30-day extension because conducting Janet Stege's deposition after

24  mediation would cause substantial harm to the mediation process, and, consequently, to both G-P

25  and Plaintiffs.   Stege's deposition testimony will be absolutely critical, if the parties are to have a

26  concrete basis for exploring possible settlement options at the mediation.   Further, this 30-day

27  extension is necessitated by the fact that G-P agreed, in February 2008, to stipulate to a four-week

28  extension for Stege to file her Reply brief in support of her motion to intervene ("Motion").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S MOTION FOR 30-DAY          1.                    Case No. C 07 3944 SBA
EXTENSION TO COMPLETE MEDIATION

## II.    STATEMENT OF FACTS

### A.    The Mediation Deadline Is Currently April 25, 2008.

The EEOC filed the instant lawsuit on August 1, 2007. *See* Docket No. 1.[1]  On October 30, 2007, the EEOC and G-P agreed to try to mediate within 90 days. *See* Docket No. 14. On November 30, 2007 the Court set a discovery cut-off for September 2, 2008, a motion cut-off for October 21, 2008, and a jury trial for December 8, 2008. *See* Docket No. 17. On January 15, 2008, after Stege filed her Motion, the EEOC and G-P filed a stipulated proposed order to continue the mediation deadline to April 25, 2008. *See* Docket No. 23. On February 25, 2008, the Court agreed to continue the mediation deadline to April 25, 2008. *See* Docket No. 34.

### B.    Stege Filed Her Motion To Intervene One Day After Stege's Deposition Was Scheduled To Commence.

On October 31, 2007, G-P and the EEOC filed a Joint Case Management Statement, which noted that Stege was seeking to intervene in the action with her own private counsel, and that G-P would oppose any motion to intervene. *See* Docket No. 15 ¶ 4.  Stege first met with an attorney on December 28, 2007. Docket No. 20 ¶ 3 (Decl. of Kathryn Burkett Dickson in Supp. of Mot.).

On January 8, 2008, Ms. Dickson contacted G-P's attorneys to inform G-P that Stege would be filing a motion to intervene and that Ms. Dickson would be attending Stege's deposition, then scheduled for the very next day, January 9, 2008.  (Declaration of Margaret Hart Edwards ("Edwards Decl.") ¶ 2).  As G-P had stated in the Joint Case Management Statement, G-P told Ms. Dickson that it intended to oppose any motion to intervene, and that the deposition should be continued until such motion was decided by the Court. *Id.* ¶ 3.  The deposition noticed for January 9, 2008, was, therefore, taken off calendar. *Id.*

### C.    At Stege's Request, G-P Agreed To Stipulate To Continue, To April 1, 2008, The Hearing On Stege's Motion, Originally Set For March 4, 2008.

Stege filed her Motion on January 10, 2008. *See* Motion at 1. The hearing on Stege's Motion to Intervene was then scheduled for March 4, 2008. *See id.* Thus, Stege's Reply in support

---

[1] All citations to the Docket are made consistent with the corresponding citations in the Court's Order (filed April 9, 2008) granting Janet Stege's Motion to Intervene.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1    of her Motion was due on February 19, 2008. *See* Local Rule 7-3(c).

2            On February 12, 2008, G-P filed an Opposition to Stege's Motion. *See* Docket No.

3    26. At Stege's request, based on Ms. Dickson's unavailability due to a trial, G-P agreed to stipulate

4    to continue the hearing on Stege's Motion to April 1, 2008. Edwards Decl. ¶ 4. The Court granted

5    Stege's request for a continuance by order filed February 19, 2008. *Id.*

6            On March 18, 2008, Stege filed her Reply brief. *See* Docket No. 41. At that time,

7    anticipating that Stege's Motion would be resolved on or around the hearing on April 1, 2008, the

8    parties had set Stege's deposition for April 7 and 8, 2008 and had conducted a pre-mediation

9    teleconference. *See* Docket No. 42, ¶ 5 (Suppl. Decl. of Kathryn Burkett Dickson in Supp. of Mot.);

10   Edwards Decl. ¶ 5.

11           **D.    Stege's Deposition, Scheduled To Commence On April 7, 2008, Was Taken Off**
             **Calendar As The Parties Awaited A Decision On Stege's Motion To Intervene.**

12
             On April 3, 2008, not knowing whether Stege's Motion — the reason that Stege's

13   deposition was originally taken off calendar — would be granted, G-P's attorneys proposed to the

14   EEOC that the parties continue Stege's deposition to later in April, as follows:

15
             As the court has taken the motion to intervene under submission, and

16           we have no ruling, we believe that it would be premature to proceed
             with the deposition of Ms. Stege on Monday and Tuesday of next

17           week. I'd like to propose that we try to reschedule the deposition for
             April 21 and 22, in the hope that we have a ruling by then, one way or

18           the other, <u>and we can get the deposition before the mediation on April</u>
             <u>24, 2008</u>. Will those dates work for you? If not, please give me

19           alternative dates.

20   Edwards Decl. ¶ 6 (emphasis supplied). The EEOC agreed to continue Stege's deposition, but it was

21   not possible to conduct the deposition on April 21 and 22, so as to complete the deposition before

22   the mediation. *Id.*

23           **E.    G-P Has Requested A Stipulation To Extend The Mediation Deadline, But Has**
             **Not Yet Heard Back From Plaintiffs' Counsel.**

24
25           On April 8, 2008, G-P requested that the parties set Stege's deposition for April 24

26   and 25, 2008, and that the parties stipulate to a 30-day extension to complete mediation. Edwards

27   Decl. ¶ 7. On April 9, 2008, the same day that the Court issued its Order granting Stege's Motion,

28   G-P was informed that Plaintiffs' would likely oppose this request for a 30-day extension. *Id.* G-P

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFENDANT'S MOTION FOR 30-DAY
EXTENSION TO COMPLETE MEDIATION

3.

Case No. C 07 3944 SBA

1  then informed Plaintiffs' counsel that it would file the instant motion today, April 10, 2008. *Id.*

2  **III.    DISCUSSION**

3            G-P respectfully requests that the Court grant a 30-day extension, until May 25, 2008,

4  for the Parties to engage in mediation, so that Stege's deposition can take place *before* the mediation.

5         **A.    Substantial Harm To All Parties, And To The Mediation Process Itself, Would**

6                 **Result If The Parties Were Requires To Mediation Before Stege's Deposition.**

7            The effectiveness of mediation depends entirely on the parties' ability to freely

8  exchange both information and arguments.  The mediator's task is to find the needle in this haystack

9  — to help the parties see that settlement is possible in a dispute that, prior to mediation, seemed

10  inexorably bound for costly litigation.

11            Here, a mediation conducted before the deposition of Janet Stege would likely

12  amount to a waste of time for Stege, the EEOC, G-P, and the mediator.  This case depends to a *very*

13  large extent on Stege herself — her medical condition, her work history, her ability to perform her

14  job and her view on G-P's mandatory overtime policy.  Absent Stege's testimony as to these matters,

15  the parties and the mediator will have absolutely no concrete basis for resolving this dispute.

16            In addition, a post-mediation deposition would necessarily be clouded by the

17  arguments raised and positions taken at the mediation.  Plaintiffs would have every incentive to use

18  the mediation merely for strategic purposes, namely, to prepare for Stege's post-mediation

19  deposition.

20         **B.    Good Cause Exists For Filing The Instant Motion And A 30-Day Extension To**

21                 **Complete Mediation Will Not Negatively Effect The Schedule Of This Case.**

22            As set forth above, Stege's deposition, set for April 7 and 8, 2008, was taken off

23  calendar because the Court had not yet issued  its Order on Stege's Motion.  Thus, when the

24  deposition was taken off calendar, the Parties still did not know whether the Court would grant

25  Stege's Motion — the very reason why Stege's deposition was taken off calendar in the first

26  instance, in January 2008.

27            The Court's Order on Stege's Motion did not come earlier (*i.e.*, before April 7, 2008)

28  because G-P had agreed to grant Stege a *four-week* extension (from February 19, 2008 to March 18,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANT'S MOTION FOR 30-DAY
EXTENSION TO COMPLETE MEDIATION

4.

Case No. C 07 3944 SBA

2008) to file her Reply brief in support of her Motion.  Absent this extension, the Court likely would

have issued its Order on or about March 4, 2008, the date originally scheduled for the hearing on

Stege's Motion.

G-P understands that  Plaintiffs will oppose the instant motion.  However, G-P

believes that no mediation can succeed when one side is not ready to mediate, and G-P is not ready

to mediate.  A 30-day extension of the April 25 , 2008 deadline would not negatively impact the

schedule for the case, because it would not prevent the parties from serving all written discovery

requests in time to meet the fact discovery cutoff on September 2, 2008.

**IV.    CONCLUSION**

For the foregoing reasons, G-P respectfully requests that this Court order a 30-day

extension of time, until May 25, 2008, for the Parties to complete mediation.


Dated: April 10, 2008                                    Respectfully submitted,


                                                         /s/ Margaret Hart Edwards
                                                         Margaret Hart Edwards
                                                         LITTLER MENDELSON
                                                         A Professional Corporation
                                                         Attorneys for Defendant
                                                         GEORGIA-PACIFIC CORRUGATED LLC

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DEFENDANT'S MOTION FOR 30-DAY          5.          Case No. C 07 3944 SBA
EXTENSION TO COMPLETE MEDIATION