KATHRYN BURKETT DICKSON, State Bar No. 70636
DICKSON - ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Phone: 510-268-1999
Fax: 510-268-3627
E-mail: kbdickson@dicksonross.com

Attorneys for Plaintiff/Intervenor
JANET STEGE

WILLIAM R. TAMAYO, State Bar No. 084965
DAVID OFFEN-BROWN, State Bar No. 63321
LINDA S. ORDONIO-DIXON, State Bar No. 172830
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1687
Phone: 415-625-5654
Fax: 415-625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# UNTIED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>JANET STEGE,<br><br>    Plaintiff/Intervenor,<br><br>    v.<br><br>GEORGIA-PACIFIC CORRUGATED, LLC,<br><br>    Defendant. | **CIVIL ACTION NO. C-07-3944 (SBA)**<br><br>**PLAINTIFF/INTERVENOR STEGE'S AND PLAINTIFF EEOC'S OPPOSITION TO MOTION TO EXTEND DEADLINE TO COMPLETE MEDIATION**<br><br><br>Courtroom:  3, 3rd Fl. (Oakland)<br>Judge:  Hon. Saundra B. Armstrong |

I.      INTRODUCTION.

Plaintiff/Intervenor Janet Stege and Plaintiff Equal Employment Opportunity Commission ("EEOC") oppose Defendant Georgia-Pacific Corrugated's ("G-P") Motion to Change Time, extending by 30 days the Court-ordered deadline to complete mediation.[1]

G-P claims the mediation should be continued because it has not yet taken Ms. Stege's deposition. But, G-P has twice taken Ms. Stege's scheduled deposition off calendar at the eleventh hour – despite Ms. Stege's and the EEOC's indication of readiness and desire to proceed with the deposition as scheduled. There were no adequate grounds for G-P to derail the schedule in either case. Thus, the predicament G-P claims to find itself in is one of its own making.

On March 5, 2008, the parties and the mediator participated in a pre-mediation conference call during which the April 24th mediation date was scheduled. It was difficult to match everyone's schedules and to find dates for both the deposition and the mediation, but that was ultimately accomplished. Now, however, G-P has disrupted that schedule through its unilateral actions. Before filing its motion to continue the mediation, G-P's counsel failed to make any effort to determine if there was any date within the thirty day continuance it is seeking, which would accommodate the schedule of counsel, clients and the mediator. For this reason alone, G-P's motion should be denied.

Furthermore, the facts in this case simply do not support G-P's claim that "substantial harm" will result if the mediation proceeds prior to Ms. Stege's deposition. The Court should

---

[1] As a technical matter, G-P's motion does not comply with the applicable local rules. This Court's ADR Local Rule 6-5 requires that a motion to extend the deadline for a mediation must be filed at least 15 days before the mediation is scheduled, and that the mediator must be served with a copy of the motion. G-P's current motion is not timely under this rule and there is no indication that the Mediator has been served with a copy.

Plaintiff/Intervenor Stege's and Plaintiff EEOC's Opposition to Motion to Extend Deadline to Complete Mediation
Civil Action No. C-07-3944 (SBA)                                                                                                    1

deny the requested continuance.

## II. ARGUMENT.

G-P cannot meet the showing of substantial harm or prejudice necessitating a continuance of the mediation deadline that is required by Local Rule 6-3.

### A. G-P Has Unilaterally Cancelled Ms. Stege's Deposition Twice Now.

G-P and the EEOC first scheduled Ms. Stege's deposition for January 9, 2008. Shortly prior to that date, Ms. Stege secured private counsel and she, her private counsel, and the EEOC were all prepared to proceed with Ms. Stege's deposition on January 9, 2008 and communicated that to G-P's counsel. Nevertheless, G-P unilaterally cancelled Ms. Stege's deposition the day before it was to take place.

After Ms. Stege's intervention motion was filed and the Court extended the original mediation deadline until April 25, 2008, the parties had a pre-mediation teleconference with the assigned Mediator, Jamie Dupree, March 5, 2008. During that call, G-P, the EEOC, Ms. Stege, and the Mediator identified the only workable dates for Ms. Stege's deposition (Monday, April 7, continuing on Tuesday, April 8 if necessary) and the mediation, April 24. Ms. Stege, her counsel, and the EEOC all proceeded in accordance with that schedule. For example, Ms. Stege arranged time away from work to attend her deposition and the mediation. This, of course, was the second time she had had to do so since G-P cancelled her initial deposition date at the last minute as well.

Counsel for Ms. Stege contacted the office of G-P's outside counsel, Margaret Hart Edwards, the morning of Friday, April 4, confirming that Ms. Stege's deposition would start at 10:00 a.m. Monday, April 7. Ms. Edwards' assistant confirmed the date and start-time. It was only at the very end of the day on Friday, April 4, that Ms. Edwards' assistant called Ms.

Stege's counsel and announced that, once again, G-P's counsel was unilaterally cancelling the scheduled deposition. It was not until 9:30 p.m. on Friday, April 4th, that Ms. Edwards ever sent a direct communication to Stege's counsel, which stated, in part:

> The deposition will not go forward on Monday. Please give me alternate dates later in April or in May. I do not know yet whether we will have to seek a postponement of the mediation, but that seems a distinct possibility. (Ordonio-Dixon Declaration, Attachment).

Ms. Stege has never agreed to continue her scheduled deposition dates. But, of course, she had no choice in the matter – G-P simply cancelled the deposition without her concurrence.

Furthermore, G-P's claim that "[t]he EEOC agreed to continue Stege's deposition" [G-P's moving brief (Def. Mem.) at page 3, lines 20-22] is incorrect. On the morning of Friday, April 4, 2008, EEOC counsel specifically informed G-P's counsel that "we need to go forward" with Stege's Monday, April 7, 2008 deposition. EEOC counsel was not informed that the deposition was cancelled until 9:10 p.m. that Friday evening (Ordonio-Dixon Declaration, ¶¶ 2-4).

As the Court noted in footnote 13 of its Order granting Ms. Stege the right to intervene in this matter, G-P cannot claim prejudice from the failure of Ms. Stege's deposition to go forward when it was G-P's choice to cancel it, despite Ms. Stege's willingness to sit for her deposition as scheduled. Order [Electronic Docket No. 19], April 9, 2008, at p. 13, fn.13.

G-P claims it precipitously cancelled the deposition on both occasions because Ms. Stege was not yet a formal party in intervention in the case. But, that excuse is unjustified. G-P would be taking Ms. Stege's deposition whether the EEOC was proceeding alone or Ms. Stege was also allowed to intervene as a party on her own behalf. As Ms. Stege indicated in her intervention papers, the federal and state claims she is pursuing all arise from the same facts. In

addition, as either a direct party or a third-party deponent, Ms. Stege would have been entitled to private counsel at the deposition had she so desired in any event. Thus, there was absolutely no good excuse for G-P not to go forward with the deposition, which had been carefully scheduled to accommodate all parties and the upcoming mediation date. The company has utterly failed to explain how it could possibly have been prejudiced under such circumstances.

### B.    There Is No Harm In Having The Mediation Proceed As Scheduled.

G-P disingenuously claims that "Substantial harm to all parties, and to the mediation process itself, would result if the parties were requires [sic] to mediation [sic] before Stege's deposition." Def. Mem. 4:5-6. G-P asserts that it must have information on Ms. Stege's "medical condition," "work history," ability to perform her job," and "her view on G-P's mandatory overtime policy" prior to mediation. *Id.* at 4:13-14. What G-P fails to tell the Court is that it already has all of this information.

First and foremost, Ms. Stege is a current G-P employee and has been continuously employed by G-P for the past twenty years. The company therefore certainly knows her "work history" and her "ability to perform her job." Second, G-P has had detailed information on Ms. Stege's medical condition, fibromyalgia, for well over fifteen years, as indicated by the extensive medical records it produced to the EEOC regarding Ms. Stege's medical condition, consisting of nearly 200 pages. Dickson Dec. ¶2 [referring to documents produced in this litigation, Bates-Stamped EEOC 108 - 281, as well as others]. Third, both the EEOC and Ms. Stege have made clear that they view the company's mandatory overtime policy to be unlawful as applied to Ms. Stege, given her medical condition. Finally, the EEOC has turned over to G-P in discovery its detailed notes of witness interviews in this matter, Id. ¶3. To the extent any additional details or information is needed by the company, that is partly what a mediation is

for. It is hard to imagine a mediation – even after considerable formal discovery – where a company would be attending the mediation with as much pertinent information as G-P already has in this case.

In contrast to a typical employment discrimination lawsuit, this particular case is ideally suited for early mediation. As noted above, Ms. Stege is a long-term employee with a good performance record, whose employment with the company is continuing. The company has extensive medical records and far more information about the pre-litigation investigation that was done than it would usually have, since the EEOC turned over the investigatory file. The parties and the mediator therefore have an ample factual record upon which to base the mediation discussions. Rather than "harm" the parties, an early mediation is far more likely to significantly reduce costs, attorneys' fees, and time for the parties since expensive, time-consuming formal discovery may well be avoided or at least more focused, by holding the mediation as scheduled.

## III.    CONCLUSION.

For the reasons set forth above, Plaintiff/Intervenor Janet Stege and the EEOC oppose Defendant G-P's attempt to disrupt the mediation schedule the Court has ordered, and the parties and the mediator have agreed to.

Dated: April 14, 2008                             /s/ Linda Ordonio-Dixon
                                                  Attorney for Plaintiff EEOC


Dated: April 14, 2008                             /s/ Kathryn Burkett Dickson
                                                  Attorney for Plaintiff/Intervenor
                                                  JANET STEGE