1  MARGARET HART EDWARDS, Bar No. 65699
   JOSHUA D. KIENITZ, Bar No. 244903
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:    415.433.1940

5  Attorneys for Defendant
   GEORGIA-PACIFIC CORRUGATED LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 EQUAL EMPLOYMENT                        Case No.  C 07 3944 SBA
   OPPORTUNITY COMMISSION, *et al.*,
11                                         **DEFENDANT GEORGIA-PACIFIC
                  Plaintiffs,              CORRUGATED LLC'S ANSWER TO
12                                         PLAINTIFF/INTERVENOR JANET
        v.                                 STEGE'S COMPLAINT**
13
   GEORGIA-PACIFIC CORRUGATED
14 LLC,                                    **JURY TRIAL DEMANDED**

15                Defendant.

16

17     Defendant Georgia-Pacific Corrugated LLC ("Defendant" or "G-P"), by and through

18 undersigned counsel, hereby submits its Answer to Plaintiff/Intervenor Janet Stege's ("Stege" or

19 "Plaintiff") Complaint In Intervention ("Complaint").  All allegations not specifically admitted in

20 this Answer are denied.  For its Answer to Plaintiff's Complaint, Defendant admits, denies, and

21 alleges as follows:

22                              **JURISDICTION AND VENUE**

23     1.    In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court

24 appropriately exercises jurisdiction over claims brought pursuant to 42 U.S.C. § 12117, Section

25 107(a) of the Americans with Disabilities Act ("ADA"), but denies that there is specific jurisdiction

26 in this case.  Defendant also denies that Stege has a right to intervene in this action insofar as her

27 claims under the California Fair Employment and Housing Act ("FEHA") are barred by the

28 applicable statute of limitations and the doctrine of laches.

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT    1.    Case No. C 07 3944 SBA

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

2.   In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that Stege is and has been employed within the Northern District of California and that Defendant is Stege's employer and owns and operates the facility at which Stege is employed. Defendant otherwise denies the allegations of Paragraph 2.

3.   In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that this Court may exercise jurisdiction over a plaintiff's FEHA claims but denies the remaining allegations of Paragraph 3 insofar as Stege's FEHA claims are barred by the applicable statute of limitations and the doctrine of laches.

## INTRADISTRICT ASSIGNMENT

4.   In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that this action would be appropriate for assignment to San Francisco/Oakland, if there were jurisdiction, which Defendant denies. Defendant denies the allegation of Paragraph 4 that any unlawful employment practices were committed or are being committed by Defendant.

## PARTIES

5.   Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.   In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits only that it has been a Delaware Limited Liability Company since December 31, 2006, that it has continuously had at least fifteen employees, and that it does business in California, in Alameda County. Defendant denies the remaining allegations in Paragraph 6.

7.   Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8.   In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits only that, since December 31, 2006, it has been a Delaware Limited Liability Company and an employer covered by the ADA and FEHA. Defendant denies the remaining allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

9.   Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.   In response to Paragraph 10 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein

11.   In response to Paragraph 11 of Plaintiff's Complaint, Defendant denies each and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT   2.   Case No. C 07 3944 SBA

1  every, all and several, of the allegations contained therein.

2      12.    In response to Paragraph 12 of Plaintiff's Complaint, Defendant admits only that
3  Stege was selected for and accepted employment at G-P's newly-purchased San Leandro facility in
4  April 2004. Defendant denies each and every, all and several, of the other allegations contained in
5  Paragraph 12.

6      13.    In response to Paragraph 13 of Plaintiff's Complaint, Defendant denies each and
7  every, all and several, of the allegations contained therein.

8      14.    In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits only that
9  Stege is able to perform the essential functions of her job, which include mandatory overtime, with
10 the reasonable accommodations she has been provided. Defendant denies each and every, all and
11 several, of the other allegations contained in Paragraph 14.

12     15.    In response to Paragraph 15 of Plaintiff's Complaint, Defendant denies each and
13 every, all and several, of the allegations contained therein.

14     16.    In response to Paragraph 16 of Plaintiff's Complaint, Defendant denies each and
15 every, all and several, of the allegations contained therein.

16     17.    In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits only the
17 allegations in the first two sentences of Paragraph 17. Defendant denies the remaining allegations in
18 Paragraph 17 and alleges that Stege's FEHA claims are barred by the applicable statute of
19 limitations and the doctrine of laches. Defendant also denies that this action was "timely filed by the
20 EEOC" and denies that "all conditions precedent to the filing of this action have been fulfilled."

21     **FIRST CLAIM FOR RELIEF**

22     18.    Defendant repeats and realleges each admission, denial and allegation contained in
23 Paragraphs 1 through 17 of Plaintiff's Complaint as though set forth in full herein. Paragraph 18 of
24 Plaintiff's Complaint does not contain any additional allegations.

25     19.    In response to Paragraph 19 of Plaintiff's Complaint, Defendant denies each and
26 every, all and several, of the allegations contained therein.

27     20.    In response to Paragraph 20 of Plaintiff's Complaint, Defendant denies each and
28 every, all and several, of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT     3.     Case No. C 07 3944 SBA

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

22. Paragraph 22 of Plaintiffs' Complaint does not contain any additional allegations, but Defendant denies that Stege is entitled to any of the relief sought.

## SECOND CLAIM FOR RELIEF

23. Defendant repeats and realleges each admission, denial and allegation contained in Paragraphs 1 through 22 of Plaintiff's Complaint as though set forth in full herein.

24. In response to Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

25. In response to Paragraph 25 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

26. In response to Paragraph 26 of Plaintiff's Complaint, Defendant denies each and every, all and several, of the allegations contained therein.

27. Paragraph 27 of Plaintiff's Complaint does not contain any additional allegations, but Defendant denies that Stege is entitled to any of the relief sought

## PRAYER FOR RELIEF

In response to Plaintiff's various Prayers for Relief in the Complaint, Defendant denies that Stege is entitled to any type of relief, including compensatory damages, punitive damages, injunctive relief, interest, or attorneys' fees and costs.

## DEFENSES

Defendant asserts the following defenses:

1. Stege has failed to state a claim upon which relief may be granted.

2. Stege's claims for injunctive relief are barred, in whole or in part, because she has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant, nor is there any other threat of irreparable harm.

3. Stege's claims are barred from any remedy, or certain remedies, under the doctrine of unclean hands.

4. Stege's claims are barred from any remedy, or certain remedies, under the doctrine of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT    4.    Case No. C 07 3944 SBA

laches, including but not limited to the fact that her unreasonable delay in filing suit: allowed her to incur more alleged damages, as a result of further medical leave; dimmed the memories of witnesses to events which occurred more than four years ago; prejudiced G-P insofar as Stege engaged in reasonable accommodation discussions with G-P in February 2006, and entered into an agreement with G-P as a result of those discussions without mentioning that she still intended to file a lawsuit alleging G-P failed to reasonably accommodate her alleged disability.

5. Stege's claims are barred from any remedy, or certain remedies, under the doctrine of waiver.

6. Stege's claims are barred from any remedy, or certain remedies, under the doctrine of estoppel.

7. Stege's claims are barred, in whole or in part, because there is not a substantial likelihood of Plaintiff prevailing on the merits of this action and Stege has an adequate remedy at law.

8. Stege's claims are barred, in whole or in part, because she failed to properly mitigate any damages she may have suffered.

9. Stege's claims are barred, in whole or in part, because she failed to take reasonable steps to properly protect herself against avoidable consequences.

10. Stege's claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which she may be entitled must be denied or reduced accordingly.

11. Stege's claims are barred, in whole or in part, by virtue of her consent.

12. Stege's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

13. Stege's claims are barred, in whole or in part, because she is not a qualified individual with a disability.

14. Stege's claims are barred, in whole or in part, because she failed to engage in an interactive process and failed to propose or discuss accommodations which were reasonable.

15. Stege is not entitled to damages because G-P demonstrated good faith efforts, in consultation with Stege, to identify and make reasonable accommodations that would provide her

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT    5.    Case No. C 07 3944 SBA

1  with an equally effective employment opportunity and would not cause an undue hardship on the
2  operation of the business and because Defendant actually has provided Stege with such reasonable
3  accommodations.

4      16.    Assuming, *arguendo*, that Stege was refused a reasonable accommodation based on
5  her alleged disability, such refusal was not unlawful because she could not be accommodated
6  without undue hardship to G-P, including but not limited to violating the terms of a collective
7  bargaining agreement ("CBA").

8      17.    Assuming, *arguendo*, that Stege was refused a reasonable accommodation based on
9  her alleged disability, such refusal was not unlawful because such an accommodation could not be
10 provided without fundamentally altering the nature or character of the business establishment and
11 the goods and services provided therein.

12     18.    Assuming, *arguendo*, that Stege was refused a reasonable accommodation based on
13 her disability, such refusal was not unlawful because such an accommodation could not be provided
14 without posing a direct threat to the health and safety of Stege or others in the workplace.

15     19.    Assuming, *arguendo*, that discrimination occurred, G-P did not know, nor should it
16 have known, of the alleged discriminatory conduct.

17     20.    Assuming, *arguendo*, that there was a violation of the ADA or FEHA, Stege's claim
18 remains barred, in whole or in part, because even without any said impermissible factor, all
19 employment actions taken by her employer would still have been taken due to lawful, legitimate,
20 non-prohibited, or independent reasons.

21     21.    Any emotional harm or distress suffered by Stege was not caused by Defendant.

22     22.    Defendant alleges that all acts taken by it or anyone acting on its behalf were just,
23 fair, privileged, with good cause, in good faith, without malice or intent to discriminate, and for
24 lawful and legitimate, nondiscriminatory reasons. Defendant engaged in good faith efforts to
25 comply with the ADA and FEHA and otherwise acted within the scope of the exceptions to vicarious
26 liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental*
27 *Association*, 527 U.S. 526 (1999).

28     23.    Stege has failed to state facts sufficient to set forth a claim for exemplary or punitive

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT     6.     Case No. C 07 3944 SBA

damages under the ADA or FEHA, including 42 U.S.C. § 1981a(b)(1) and California Civil Code § 3294.

24. Under 42 U.S.C. § 1981a(b)(3), Stege's recovery is limited by the statutory caps on compensatory and punitive damages recoverable in actions arising under the ADA.

25. Stege's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to, 42 U.SC. §§ 2000e *et seq.* and 12117 *et seq.,* and California Government Code §§ 12960(d), 12965(b),(d).

26. Stege's claims are barred because neither Stege nor Plaintiff EEOC exhausted administrative remedies before filing suit, including but not limited to failure to follow the conciliation process at all, or in good faith.

27. Stege's claims are barred, in whole or in part, because Ms. Stege failed to timely file a charge with the EEOC under 42 U.S.C. § 2000e-5(e).

28. Stege's claims, including her prayers for relief, are preempted by, in whole or in part, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) because those claims require interpretation of the applicable CBA.

29. Stege's claims are within the exclusive jurisdiction of the California Workers' Compensation Act.

30. Because Stege's Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to this case. Accordingly, Defendant respectfully reserves the right to amend its Answer to add any applicable defenses revealed during any later proceedings in this case.

WHEREFORE, Defendant prays for judgment as follows:

1. That Stege take nothing by reason of the Complaint;

2. That judgment be entered on the Complaint in favor of Defendant and against Plaintiff, and that the Complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT    7.    Case No. C 07 3944 SBA

1  Dated: April 28, 2008                    Respectfully submitted,

2

3                                           /s/ Margaret Hart Edwards
                                            Margaret Hart Edwards
4                                           LITTLER MENDELSON
                                            A Professional Corporation
5                                           Attorneys for Defendant
                                            GEORGIA-PACIFIC CORRUGATED LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT     8.     Case No. C 07 3944 SBA

## JURY TRIAL DEMAND

Georgia-Pacific Corrugated LLC hereby requests a jury trial on all issues triable by a jury.

Dated: April 28, 2008                            Respectfully submitted,


/s/ Margaret Hart Edwards
Margaret Hart Edwards
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
GEORGIA-PACIFIC CORRUGATED LLC

Firmwide:84932924.1 053676.1002

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF STEGE'S COMPLAINT        9.        Case No. C 07 3944 SBA