WILLIAM R. TAMAYO, SBN 084965
JONATHAN T. PECK, SBN 12303 (VA)
LINDA S. ORDONIO-DIXON, SBN 172830
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone:  (415) 625.5654
Fax:  (415) 625-5657

Attorneys for Plaintiff EEOC

MARGARET HART EDWARDS, SBN 65699
JOSHUA D. KIENITZ, SBN 244903
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940

Attorneys for Defendant
GEORGIA-PACIFIC CORRUGATED, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                 Plaintiff,<br><br>JANET STEGE,<br><br>                 Plaintiff-Intervenor,<br><br>        v.<br><br>GEORGIA-PACIFIC CORRUGATED, LLC,<br><br>                 Defendant. | CIVIL ACTION NO. C-07-3944  SBA<br><br><br>CONSENT DECREE |

CONSENT DECREE
C-07-3944  SBA

1    Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or
2    "EEOC") brought this lawsuit under the Americans with Disabilities Act (ADA) and Title I of the
3    Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide
4    appropriate relief to Charging Party Janet Stege, who was allegedly adversely affected by such
5    practices.  On April 9, 2008, Ms. Stege intervened into the instant lawsuit and alleged parallel state
6    claims.  Defendant denies both the EEOC and Ms. Stege's allegations that it engaged in unlawful
7    conduct or otherwise violated Ms. Stege's rights, and disputes that Ms. Stege is a qualified
8    individual with a disability.  Ms. Stege's individual claims will be resolved by separate instrument
9    and are not included in the scope of this Consent Decree.

10    In the interest of resolving this matter the Commission and Georgia-Pacific
11    Corrugated LLC, (hereinafter referred to as "the Parties") have agreed that the above-captioned
12    lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.  Nothing
13    contained in this Consent Decree shall be construed as an admission by Defendant that it has in any
14    respect violated or abridged any law or any rights or obligations that it may owe or may have owed
15    to Ms. Stege.

16    This Consent Decree shall not constitute adjudication and/or a finding on the merits
17    of the Lawsuit.  This Consent Decree resolves all claims raised by the EEOC which stem from
18    EEOC Charge No. 370-2005-01017 (Janet Stege v. Georgia Pacific) and the EEOC Complaint in
19    this Lawsuit, and constitutes a complete resolution of all claims of discrimination under the ADA
20    and Title I of the Civil Rights Act of 1991 that were made or could have been made by the EEOC
21    based on this charge.  This Consent Decree does not, however, resolve any future charges or charges
22    that may be pending with the EEOC other than the charge and Complaint specifically referenced in
23    this paragraph.   In addition, this Consent Decree does not include the terms of resolution of the
24    separate claims alleged by Ms. Stege in this lawsuit.  Ms. Stege's separate claims shall be resolved
25    through a confidential general release and agreement.

26    This Consent Decree comprises the full and exclusive agreement of the EEOC and
27    Defendant Georgia-Pacific Corrugated LLC with respect to the matters discussed herein.  No waiver,
28    modification or amendment of any provision of this Consent Decree shall be effective unless made

**CONSENT DECREE**
**C-07-3944  SBA**                                        2.

1    in writing and approved by all the Parties to this Decree, and any substantive change, modification or
2    amendment of any provision of this Consent Decree shall also require approval by the Court.

3            The Court has reviewed this Consent Decree in light of the pleadings, the record
4    herein, and now approves this Consent Decree.

5                    **THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

6    **I.      GENERAL PROVISIONS**

7            This Court has jurisdiction over the subject matter and the Parties to this Lawsuit.
8    This Court will retain jurisdiction over this Decree for all purposes until the expiration of
9    Defendant's obligations as set forth herein.

10           This Consent Decree is final and binding.  The Parties will each bear their own costs
11   and attorney's fees in this action.

12   **II.     GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION**

13           Defendant and its officers, agents, employees, and successors and assigns within the
14   Georgia-Pacific family of companies, at the time that this Decree becomes effective and for the
15   duration of this Decree, are enjoined from engaging in any of the following behaviors with respect to
16   employees at the San Leandro facility: (a) unlawfully discriminating against any employee due to his
17   or her disability; or (b) retaliating against any employee because he or she: (i) opposes or opposed
18   discriminatory practices made unlawful by the ADA; (ii) files or filed a charge of discrimination or
19   assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists,
20   assisted, participates or participated in an investigation or proceeding brought under the Federal laws
21   prohibiting discrimination or retaliation.

22           Defendant shall not condition the receipt of monetary relief as described below on
23   Ms. Stege's agreement to (a) maintain as confidential the terms of this decree, (b) waive  her
24   statutory right to file a charge with any federal or state anti-discrimination agency, or (c)  waive her
25   right to continue employment and/or apply for employment with the Defendant.

26   ///

27   ///

28   ///

**CONSENT DECREE**                                3.
**C-07-3944  SBA**

### III.    SPECIFIC INJUNCTIVE RELIEF

#### A.    40 Hour Work Week Restrictions As Potential Accommodations

Consistent with the ADA, Defendant shall engage in the interactive process with any qualified individual with a disability at the San Leandro facility who because of their disability requires a 40 hour work week as a possible accommodation.    Nothing in this paragraph constitutes an admission by Defendant or the EEOC that overtime is or is not an essential function of jobs at Defendant's San Leandro facility, under the ADA.  *See* 29 C.F.R. § 1630.2(n).

#### B.    Charging Party Janet Stege

Pursuant to agreement with the Union representing hourly employees at the San Leandro facility that Janet Stege would be the only employee eligible to be awarded the position if it were to be created, Defendant shall create a full-time janitor position at the San Leandro facility and shall allow Ms. Stege to fill the position.  The hours and location of the position shall be from 11 a.m. to 7 p.m. at Defendant's San Leandro facility, or such other hours as Defendant may require based upon business needs (however, Ms. Stege shall *not* be scheduled to either a split shift or a night / graveyard shift if medical evidence demonstrates that she is unable to work such a shift).  The salary of the position shall be determined by the applicable labor agreement.  The position shall be provided to Ms. Stege for the duration of her employment with Defendant at the San Leandro facility provided that Ms. Stege is capable of performing the essential functions of the position with or without reasonable accommodation.  Creation of this position for Ms. Stege shall not be a bar to any future request by Ms. Stege for a reasonable accommodation.

In the janitor position, Defendant shall not require Charging Party Janet Stege to work more than forty (40) hours per week.  The forty hours per week shall not include any hours worked under the following circumstances:

1)  Attendance at employee training and/or safety meetings.

2)  Short term unexpected emergency situations during which Ms. Stege is needed to avoid unsafe working conditions and there are no other employees available.

The 40 hour work restriction detailed above shall continue on the condition that Ms. Stege provides yearly certification from her doctor that the restriction is needed in order to enable

1  Ms. Stege to perform the essential functions of the janitor position.

2      **C.**     **Human Resources Practices**

3          Defendant shall implement additional policies and practices at the San Leandro

4  facility that help assure a work environment free from disability discrimination for its employees and

5  that allow employees to make requests for accommodations or to raise concerns or complaints

6  without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADA.

7  To meet this requirement, Defendant shall institute the following actions with respect to the San

8  Leandro facility:

9      **1.**     **Training**

10          Defendant shall provide training as set forth below to all human resources personnel

11  with responsibilities for handling employees' requests for accommodations at Defendant's San

12  Leandro facility.  The training shall include: (1) what constitutes disability discrimination; (2) that

13  the ADA prevents disability discrimination; (3) how to prevent disability discrimination; (4) to

14  whom employees may direct a request for reasonable accommodation or a complaint of disability

15  discrimination; (5) review an explanation of Defendant's policies proscribing disability

16  discrimination; (6) that managers will be evaluated on enforcement of Defendant's anti-

17  discrimination policies.  Special attention shall be afforded to the issue of reasonable

18  accommodations, including a survey of the requirements imposed by applicable federal law.

19          Defendant shall retain and pay a consultant/lecturer or attorney to provide the training

20  in a live format to each of the employees covered by this training requirement once each year for the

21  term of this Consent Decree.  In the event the trainer is not a licensed attorney with expertise in

22  disability law, this person shall be identified to the EEOC, who may refuse consent to this person

23  only if the individual is objectively unqualified to perform the training.

24          The first training seminar shall be conducted within four months of the entry of this

25  Decree.  Thereafter, throughout the remaining duration of this Decree, the training seminars shall be

26  conducted annually.  The first training seminar shall be no less than four hours and subsequent

27  training seminars shall be no less than two hours in duration.  After each two-hour training seminar,

28  there shall be an opportunity for at least thirty minutes of questions and answers.  All attendees shall

**CONSENT DECREE**
**C-07-3944 SBA**
          5.

register, by signing a sign-in sheet, when they attend a training seminar. The registry of attendance shall be retained by Defendant for the duration of this Decree.

New human resources personnel covered by this training requirement shall be provided with training in the manner described above as soon as practicable, but no later than 90 days, after being hired.

### 2. Written Policies

Within ninety (90) days of the entry of this Decree, Defendant shall develop for the San Leandro facility written policies, or revise existing policies, concerning disability discrimination. The written policies will include at a minimum:

a. Clear and complete definitions of disability discrimination, with special attention to the issue of reasonable accommodation.

b. A statement that discrimination on the basis of disability, including failure to reasonably accommodate a qualified disabled employee, is illegal, prohibited, and will not be tolerated.

c. A clear and strong encouragement of persons who believe they have been discriminated against on the basis of disability, to come forward.

d. The identification of specific individuals within the Company, internal and external to the San Leandro facility, with their telephone numbers, to whom employees can request reasonable accommodation or to report disability discrimination.

e. An assurance that Defendant will promptly, fairly, reasonably and effectively, engage in the interactive process in response to an employee's request for reasonable accommodation.

f. A description of the consequences, up to and including termination, which may be imposed upon violators of the policies proscribing disability discrimination.

g. An assurance of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination based on disability.

h. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination because of their disability.

i. These policies shall be distributed to all employees at the San Leandro facility and all human resources managers with responsibility for the San Leandro facility within one hundred twenty (120) days of the entry of this Decree. These policies also shall be distributed to new employees when hired. These policies also shall be posted in a prominent place at the San Leandro facility.

j. A statement (by way of a cover letter) from the highest-ranking manager at the San Leandro facility affirming: (1) the importance of maintaining an environment free of discrimination; and (2) the fact that managers and supervisors

will be disciplined if they fail to comply with policies
prohibiting disability discrimination.

### 3.  Reasonable Accommodation Procedures

Defendant shall institute a procedure that explains and delineates the company's Reasonable Accommodation procedures at the San Leandro facility.  This procedure shall be reduced to writing and shall be provided to all personnel with responsibilities for responding to requests for accommodations at the San Leandro facility.

### 4.  HR Personnel Accountability

Defendant shall inform all human resources personnel with responsibility for the San Leandro facility that they are expected to appropriately address requests for accommodation and to enforce Defendant's policies to prevent and remedy disability discrimination, and that failure to do so may result in discipline.

### 5.  Notices to Employees

Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at the San Leandro facility, the notice attached as Exhibit A.  The notice shall be the same type, style, and size as Exhibit A.

### 6.  Reporting by Defendant and Access by the EEOC

In addition to any other reporting requirements set forth herein, Defendant shall provide the following information in writing, confirmed by affidavit or declaration, to the EEOC's San Francisco District Office beginning six (6) months from the date of the entry of this Decree and thereafter every six (6) months for the duration of the Decree:

A.    Upon its completion, a copy of the revised policies created in accordance with the requirements of this Decree.

B.    The registry of persons attending any training sessions required by this Decree that were held during the previous six (6) months.

C.    A confirmation that (i) the Notice required by this Decree was posted, the date of posting, and the location in which it was posted, and (ii) the policies required by this Decree were posted and distributed to each current and new employee.

D.    For each employee at the San Leandro plant who brings a formal, written

CONSENT DECREE
C-07-3944  SBA

7.

complaint of disability discrimination pursuant to the policies discussed in this Decree, a summary of the complaint, including the nature of the complaint, any investigation by Defendant, and any corrective action taken by Defendant.

The Commission, upon reasonable notice and agreement, shall have the right, once per year, to enter the office at the San Leandro Facility and inspect records related to compliance with this Decree, and to inspect bulletin boards where notices to employees are posted, provided that the Commission must be escorted at all times by a member of management of the San Leandro facility, and provided that the Commission complies with safety rules at the facility.   The sole purpose of any entry and inspection is to ensure compliance with this Decree.   The EEOC shall not have the right to review Defendant's personnel or medical files.   Further, Defendant shall have the right to protect its employees' confidentiality, *inter alia*, by redacting personal information from the records mentioned in this subsection (*i.e.*, those which the EEOC may inspect).

### 7.     Procedures and Remedies for Non-Compliance

In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Consent Decree, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to the counsel and the corporate officer who signed this Decree on Defendant's behalf, or to his or her successor, and afford Defendant thirty (30) days after service of the notice to remedy the non-compliance.

If Defendant has not remedied the alleged non-compliance in thirty (30) days after service of notice, the EEOC may petition this Court to enforce the terms of the Decree at any time during its duration.

In the event the Court finds that Defendant has violated this Decree, as evidenced by a final judgment against Defendant, the Court may order reasonable relief to remedy the non-compliance, including attorneys' fees and costs, daily fines, appropriate injunctive relief, and extension of this Consent Decree for such period as may be necessary to remedy its non-compliance.

### IV.     RESOLUTION PAYMENT

Defendant shall pay the gross sum of $75,000 (the "Resolution Payment") to Janet Stege for the claims asserted by the EEOC on her behalf in this lawsuit.

a.   Defendant shall report the Resolution Payment by issuance of appropriate IRS Forms.

b.   Defendant shall pay the Resolution Payment as follows:

Within fourteen (14) days of the entry of this Consent Decree, Defendant shall deliver such payment in the form of business checks, cashier's checks, or certified checks made payable to Janet Stege and her attorney Kathryn Burkett Dickson.

A photocopy of the payment shall be provided to Linda Ordonio-Dixon at EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA  94105.

**V.    THE COURT SHALL RETAIN JURISDICTION TO ENFORCE THIS CONSENT DECREE**

a.   This Consent Decree shall terminate three years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by Defendant.  If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

b.   Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as provided in the preceding paragraph, for three years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, effective with Court's approval of this Consent Decree, and the parties will execute a stipulated dismissal with prejudice to that effect.  Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has failed to comply with any of the terms of this Decree.  This Consent Decree will automatically expire without further Court Order.

///

///

///

**CONSENT DECREE**
**C-07-3944  SBA**

9.

1           c.    The parties expressly agree that a Magistrate Judge or a Judge other than the

2 undersigned has jurisdiction to enforce this Consent Decree.  Upon a petition by the Commission to

3 enforce this Consent Decree, pursuant to subparagraph (a) of this section, the parties agree that the

4 Court may assign the matter to any Magistrate Judge in the United States District Court for the

5 Northern District of California.

6           E-filing concurrence:   I, Margaret Hart Edwards, attorney for Georgia-Pacific

7 Corrugated, LLC, attest that I have obtained the concurrence of Linda Ordonio Dixon, attorney for

8 Plaintiff EEOC, for the lodging of this Consent Decree.

9                                                         Respectfully submitted:

10 Dated:  January 23, 2008                   U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

11

12                                       /s/ William R. Tamayo
William R. Tamayo, Regional Attorney

13

14                                       /s/ Jonathan T. Peck
Jonathan T. Peck, Supervisory Trial Attorney

15

16                                       /s/ Linda Ordonio-Dixon
Linda Ordonio-Dixon, Senior Trial Attorney

17                                       Attorneys for Plaintiff EEOC

18

19 Dated:  January 23, 2008                   LITTLER MENDELSON, P.C.

20

21                                       /s/ Margaret Hart Edwards

22                                       Margaret Hart Edwards
Attorney for Defendant GEORGIA-PACIFIC
CORRUGATED, LLC

23

24 IT IS SO ORDERED:

25

26 Dated:__1/26/09_____              _Sandra B Armstrong_____

27                                     United States District Court Judge

28

**CONSENT DECREE**
**C-07-3944  SBA**
          10.

**NOTICE of RESOLUTION**

This Notice is being posted pursuant to a Consent Decree in resolution of all claims related to the federal lawsuit Equal Employment Opportunity Commission vs. Georgia Pacific Corrugated (Civil Action C-07-3944 SBA, Northern District of California).

The Consent Decree does not constitute adjudication and/or a finding on the merits of the Lawsuit and should not be construed as an admission of liability by Georgia Pacific Corrugated. Georgia Pacific Corrugated and the EEOC each have voluntarily entered into the Consent Decree.

Georgia Pacific Corrugated has agreed to observe the anti-discrimination and anti-retaliation laws of the United States.

As detailed in the referenced Consent Decree, Defendant Georgia Pacific Corrugated has agreed to do the following:

1.    Make a resolution payment.
2.    Revise company anti-discrimination policies regarding disabilities
3.    Develop a procedure to address requests for accommodations for disabilities
4.    Provide additional training to human resources personnel in disability issues
5.    Make reports to the EEOC regarding training conducted under the Consent Decree
6.    Promote supervisor accountability for disability discrimination occurring in the workplace
7.    Post this Notice of Resolution.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE
DEFACED OR REMOVED BY ANYONE**

This notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice of Resolution or compliance with its terms may be directed to EEOC Attorney Linda Ordonio-Dixon at (415) 625-5654/toll free at (800) 669-4000.  The EEOC charges no fees and has employees who speak languages other than English.


IT IS SO ORDERED:


Dated: 1/26/09                              _Sandra B Armstrong_
                                            United States District Court Judge


Firmwide:88090433.1 053676.1002

**CONSENT DECREE**                    11.
**C-07-3944  SBA**